SILBERSTEIN, AWAD & MIKLOS, P.C.
By: Paul N. Nadler, Esq. (pn 3381)
Attorneys for plaintiffs
600 Old Country Road
Garden City, New York  11530
(516)832-7777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————x

CHARLES JARVIS and KARON JARVIS,        :

                Plaintiffs,        :

        -against-        :        07 CIV. 8181 (RMB)

VARIAN MEDICAL SYSTEMS, INC.,        :

            Defendant.        :

————————————————————x

## NOTICE OF MOTION FOR PERMISSION TO JOIN PARTIES. RESULTING IN LOSS OF DIVERSITY JURISDICTION. AND REMAND TO STATE SUPREME COURT.

**PLEASE TAKE NOTICE,** that upon the annexed Affidavit of Paul N. Nadler, Esq., sworn to on October 19, 2007, and upon the Exhibits annexed hereto and all pleadings and proceedings previously had herein, plaintiffs are serving and filing the instant motion and supporting papers by October 19, 2007, with any responsive papers due by October 31, 2007, and with any reply papers due by November 7, 2007.

**RELIEF REQUESTED:** An Order substantially in the form of the proposed Order annexed to this motion as Exhibit "A":

      (1) Pursuant to 28 U.S.C. §1447(e), Federal Rule of Civil Procedure 15, and Federal Rule of Civil Procedure 20, granting plaintiffs permission to join as

**1**

defendants in the instant action James Butler, M.D. and Montefiore Medical Center, the result of which would be a loss of diversity jurisdiction requiring remand to the New York State Supreme Court, Bronx County, of the entire action; and

(2) For such other and further relief as this Court deems equitable and proper.

**RESPONSIVE PAPERS:**  Due by October 31, 2007, to Honorable Richard M. Berman, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. (Please refer to all applicable Court rules for service and filing requirements).

Dated: Garden City, New York
        October 19, 2007

Yours, etc.

SILBERSTEIN, AWAD & MIKLOS, P.C.

BY:   flu/   V   f\jj//

Paul N. Nadler, Esq. (pn 3381)
Attorneys for plaintiffs
Charles Jarvis and Karon Jarvis
Office and P.O. Address
600 Old Country Road
Garden City, New York, 11530
(516)832-7777

TO:

Patterson Belknap Webb & Tyler, LLP.
Attorneys for defendant
Varian Medical Systems, Inc.
1133 Avenue of the Americas
New York, New York 10036-6710
Phone:(212)336-2000
(Attn: John D. Winter, Esq. (JW3252))

2

TO: (cont'd)

Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP.
Attorneys for defendants in
State Court medical malpractice action
James Butler, M.D. and
Montefiore Medical Center, Individually,
and Montefiore Medical Center sued
as Montefiore Medical Center,
Jack D. Weiler Hospital Division and
the University Hospital for
the Albert Einstein College of Medicine
Montefiore Medical Center
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

Montefiore Radiation Oncology, P.C.
Defendant in default in State Court
State Court medical malpractice action
1825 Eastchester Road
Bronx, New York 10461

New York Radiation Therapy
Management Services, Inc.
Defendant in default in related action
2234 Colonial Boulevard
Fort Meyers, Florida 33907

            -and-

1850 Boy Scout Drive, DR# A101
Fort Myers, Florida 33907


*       Montefiore Medical Center has represented that defendant Center for
        Radiation Therapy in the State Court medical malpractice action is part of
        Montefiore Medical Center and is not serving a separate Answer.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CHARLES JARVIS and KARON JARVIS,          :

                Plaintiffs,          :

        -against-          :          07 CIV. 8181 (RMB)

VARIAN MEDICAL SYSTEMS, INC.,          :

                Defendant.          :

------------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF MOTION SEEKING AN ORDER: (1) PURSUANT TO 28 U.S.C. §1447(E), FEDERAL RULE OF CIVIL PROCEDURE 15, AND FEDERAL RULE OF CIVIL PROCEDURE 20, GRANTING PLAINTIFFS PERMISSION TO JOIN AS DEFENDANTS IN THE INSTANT ACTION JAMES BUTLER, M.D. AND MONTEFIORE MEDICAL CENTER, THE RESULT OF WHICH WOULD BE A LOSS OF DIVERSITY JURISDICTION REQUIRING REMAND TO THE NEW YORK STATE SUPREME COURT, BRONX COUNTY, OF THE ENTIRE ACTION; AND (2) FOR SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS EQUITABLE AND PROPER.**

STATE OF NEW YORK)
               ) ss.:
COUNTY OF NASSAU )

        **PAUL N. NADLER, ESQ.,** being duly sworn, deposes and says:

        1. I am an attorney duly admitted to practice law in the Courts of the State of New York and the Federal Courts for the Southern and Eastern Districts of the State of New York, and am associated with the firm of Silberstein, Awad & Miklos, P.C., the attorneys for the following plaintiffs Charles Jarvis and Karon Davis ("plaintiffs").

        2. I submit this Affidavit in support of the within application of the above-mentioned plaintiffs.

        3. Initially, upon emergency request, our office was given permission to

4

file the instant motion by October 19, 2007. (<u>See</u> copy of our office's letter, endorsed by the Court, annexed hereto as Exhibit "B").  Pursuant to the Court's directive, responsive papers are due by October 31, 2007, and reply papers are due by November 7, 2007. (<u>See</u> endorsed letter, Exhibit "B").

       4.  An initial pre-trial Conference is scheduled in the instant action on October 26, 2007 at 9:15 a.m. in Courtroom 21 D of the courthouse located at 500 Pearl Street, New York, New York.

<u>A,</u>

**<u>JURISDICTION OF THE COURT.</u>**

       5.  This Court has jurisdiction over this action pursuant to the Notice of Removal filed by defendant Varian Medical Systems, Inc. ("Variant") on September 19, 2007. (A copy of the filed Notice of Removal is annexed hereto as Exhibit "C").

       6.  The action has been assigned to Honorable Richard M. Berman.

<u>B,</u>

**<u>FACTS.</u>**

       7.  On March 7, 2007, plaintiffs commenced a medical malpractice action in New York State Supreme Court, Bronx County (Index No. 8580/2007) against defendants James Butler, M.D., Montefiore Radiation Oncology, P.C., Center for Radiation Therapy, Montefiore Medical Center, Jack D. Weiler Hospital Division and The University Hospital for the Albert Einstein College of Medicine Montefiore Medical Center. (<u>See</u> copy of the Summons and Complaint is annexed hereto as Exhibit "D").

       8.  Defendants James Butler, M.D. and Montefiore Medical Center ("Montefiore") served Answers in the State Court action. (<u>See</u> copies of the Answers

5

are annexed hereto as Exhibit "E").  In Montefiore's Answer, Montefiore stated that it was "sued herein as" Jack D. Weiler Hospital Division and The University Hospital for the Albert Einstein College of Medicine Montefiore Medical Center (i.e., thus showing that these entities were a part of Montefiore). (See Montefiore Answer, Exhibit "E").  As such, Montefiore was answering on behalf of defendants Jack D. Weiler Hospital Division and The University Hospital for the Albert Einstein College of Medicine Montefiore Medical Center.

9.  Counsel for Montefiore represented to our office via letter that defendant Center for Radiation Therapy is a "Department" within Montefiore and therefore part of Montefiore, and as such, Center for Radiation Therapy was not serving a separate Answer[1]. (See copy of letter from Montefiore's counsel, annexed hereto as Exhibit "F").

10.  Concerning defendant Montefiore Radiation Oncology, P.C., plaintiffs served it with process and it has yet to answer or appear, and is in default.  From our office's inquiry with the New York State Department of State, Montefiore Radiation Oncology, P.C. has been "inactive" since 1992 and is presumably defunct.  Plaintiffs are serving Montefiore Radiation Oncology, P.C. with a copy of the motion papers. (If defendant Montefiore Radiation Oncology, P.C. is an impediment to the relief sought by plaintiffs in the instant motion, then plaintiffs will discontinue their action against said defendant with prejudice).

11. The medical malpractice action concerns claims that plaintiff Charles Jarvis was over-radiated during radiation treatment which resulted in blindness and

_____

[1]  The letter (Exhibit "F") mistakenly named defendant Center for Radiation Therapy as "Center for Radiation Oncology", which does not exist.

**6**

other injuries. (See copies of plaintiffs' Bills of Particulars served in the State Court action, annexed hereto as Exhibit "G").

12. While reviewing the Montefiore records, our office discovered that a note dated September 1, 2004 showed that a radiation machine delivering radiation treatment to Mr. Jarvis malfunctioned. (See copy of Montefiore note, annexed hereto as Exhibit "H").

13. Our office promptly sought to know from Montefiore the name of the manufacturer of this radiation machine, as well as the entity maintaining the machine. There was delay in receiving this information from Montefiore's counsel. However, given that the statute of limitation for commencing a products liability action expired on September 1, 2007, our office brought an emergency Order to Show Cause in State Court to compel Montefiore to provide the name of the manufacturer of the radiation machine, as well as the name of the entity which maintained it. (See copy of emergency Affirmation of plaintiffs' counsel, annexed hereto as Exhibit "I").

14. Montefiore provided out office with the name of the manufacturer of the radiation machine (i.e., Varian), but mistakenly informed us that Varian also maintained the machine. (See copy of letter from Montefiore, annexed hereto as part of Exhibit "J"). Thereafter, Montefiore corrected its mistake and provided the name of the proper entity which maintained the machine (i.e., New York Radiation Therapy Management Services, Inc. ("Radiation Therapy")). (See copy of subsequent letter from Montefiore, annexed hereto as part of Exhibit "J").

15. However, our office had already commenced the instant action against Varian by the time that we learned of the correct entity which maintained the radiation machine. (See copy of Summons and Complaint filed in New York State Supreme Court, Bronx County, on August 20, 2007, having Index No. 018761/2007,

annexed hereto as Exhibit "K"). We were under the impression that Varian both manufactured the machine and maintained it.

16. Upon learning of the correct entity which maintained the machine, our office promptly commenced an action against the entity (i.e., Radiation Therapy). (See copy of Summons and Complaint filed in New York State Supreme Court, Bronx County, on August 31, 2007, having Index No. 020174/2007, annexed hereto as Exhibit "L"). Radiation Therapy is a domestic, New York State corporation, and was served on October 13, 2007 via the New York State Secretary of State. (See copy of Affidavit of Service on entity, annexed hereto as Exhibit "M"). Radiation Therapy has not answered or appeared in the action and is presently in default.

17. In the instant action, plaintiffs assert that the radiation machine manufactured by Varian, which was used to deliver all or part of the radiation treatment to Mr. Jarvis, was defective, malfunctioning, etc., and that such was a proximate cause of plaintiffs' injuries. (See Complaint against Varian, Exhibit "K"). Such claims are based on, *inter alia,* defective design, defective manufacture, etc.

18. In the action against Radiation Therapy, which maintained the radiation machine, plaintiffs assert that the machine was defective, malfunctioned, etc., and that such was a proximate cause of plaintiffs' injuries. (See Complaint, Exhibit "L"). Such claims are based on, *inter alia,* improper and/or untimely maintenance, etc.

19. Concerning the timeliness of the State Court medical malpractice action, plaintiffs assert that there was "continuous treatment" under CPLR §214-a spanning through July 12, 2006. Such would make the State Court action timely when commenced on March 7, 2007. In any event, radiation treatment records from Montefiore spanning passed September 7, 2004 show that the State Court action was

8

timely commenced[2]. (See copy of select records from Montefiore, annexed hereto as Exhibit "N").

20.  Concerning the timeliness of the instant action in State Court, there was evidence of malfunction on September 1, 2004, and the action was commenced prior to September 1, 2007. (The action was commenced within the 3 year statute of limitations[3]).  The same applies for the action in State Court against Radiation Therapy.

# a

## LEGAL ARGUMENT

## (MEMORANDUM OF LAW)

21.  28 U.S.C.A. §1447 sets forth the procedure after a case is removed from a State Court to the United States District Court. In particular, 28 U.S.C.A. § 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

22.  Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires".  Federal Rule of Civil Procedure 20(a) deals with permissive joinder and provides that:

> All persons...may be joined in one action as defendants if there is

---

[2] The Montefiore radiation treatment records alone show that the medical Tialpractice action was commenced within 214 years of completion of the radiation treatment.

[3] Plaintiffs also assert that the instant action was timely commenced in State Court for the breach of warranty claims and any other claims.

asserted against them jointly, severally or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact, to all defendants will arise in the action.

23. Pursuant to the above statute and Federal rules, plaintiffs seek permission to join James Butler, M.D. and Montefiore Medical Center as defendants in the instant action, the result of which would be a loss of diversity jurisdiction requiring remand to the New York State Supreme Court, Bronx County, of the entire action.

24. Given that plaintiffs seek joinder and remand of the action to State Court, plaintiffs submit a proposed Amended Complaint containing a caption for the Supreme Court, Bronx County, and having the Index No. of the instant action prior to removal. (See proposed Amended Complaint, annexed hereto as Exhibit "O").

25. Alternatively, if plaintiffs are required to submit a proposed Amended Complaint containing the caption for this Court, such is provided. (See alternative proposed Amended Complaint, annexed hereto as Exhibit "P").  Plaintiffs seek joinder and remand of the action to State Court.

26. Plaintiffs' medical malpractice and products liability claims arise from the same medical procedure (i.e., radiation treatment which Mr. Jarvis was undergoing as shown, in part, in Exhibit "N"). This should raise "common questions of law and fact". (Clancy v.Zimmer. Inc.. 2007 WL 969237 (W.D.N.Y. 2007)). (See also Jedaszak v. Intromedix. Inc.. 2004 WL 1497559 (S.D.N.Y. 2004)).

27. Plaintiffs rely on the cases and legal analysis in Clancy, supra, 2007 WL 969237, and Jedaszak. supra, 2004 WL 1497559.  Plaintiffs in those cases sought the same relief as plaintiffs in the case at bar.

28. Plaintiffs' relief should be granted in its entirety.  For example, as recited by the Court in Clancy, supra:

> It is conceivable that the State Court Defendants will successfully place blame and liability on the Federal Court Defendants for the Plaintiffs [sic] serious injuries and damages while at the same time the Federal Court Defendants could successfully place the liability and blame on the State Court Defendants for the Plaintiffs [sic] injuries and damages which could severely effect the Plaintiffs [sic] ability to recover for her personal injuries and damages. Conversely, it is feasible that the Plaintiff [sic] could receive multiple verdicts and judgments from two different jury panels which could eventually lead to a double recovery for the Plaintiffs if they are successful in placing blame in Federal Court on the current Federal Court Defendants and in State Court on the current State Court Defendants.

29. Respectfully, plaintiffs intended on consolidating the instant action and the medical malpractice action in State Supreme Court (Bronx County), but this could not take place once defendant Varian removed the instant action to Federal Court. Further adding to the delay was waiting for the entity which maintained the machine to serve an Answer, so that plaintiffs could consolidate all three actions together in State Supreme Court. (The entity was served on September 13, 2007, and to date has not appeared or served an Answer and is in default). Such should constitute an "adequate explanation" for the delay and for plaintiffs' motivation for the relief sought. (Clancy, supra, 2007 WL 969237).

30. There should not be any prejudice to any of the parties if plaintiffs' relief is granted. For example, in the State Court medical malpractice action, no Court Conferences (e.g., no Preliminary Conference) and no depositions have been held. A Preliminary Conference was scheduled to be held in the medical malpractice action on October 12, 2007, but our office requested that the Conference be adjourned given the removal of the instant case to Federal Court and the possibility of seeking to consolidate the actions.

31. Varian has served an Answer in the instant action after removal. (See

**11**

copy of Varian's Answer in Federal Court, annexed hereto as Exhibit "Q").

32. No prior request for the relief requested in this motion has been made to any Court or Judge.

**WHEREFORE,** it is respectfully requested that the plaintiffs' instant motion be granted and this Court issue an Order substantially in the form annexed hereto as Exhibit "A":

(1) Pursuant to 28 U.S.C. §1447(e), Federal Rule of Civil Procedure 15, and Federal Rule of Civil Procedure 20, granting plaintiffs permission to join as defendants in the instant action James Butler, M.D. and Montefiore Medical Center, the result of which would be a loss of diversity jurisdiction requiring remand to the New York State Supreme Court, Bronx County, of the entire action; and

(2) For such other and further relief as this Court deems equitable and proper.

_____
PAUL N. NADLER, ESQ. (pn 3381)

Sworn to before me this
_____ day of October, 2007.

_____
NOTARY PUBLIC

DIANE D'ANDREA
Notary Public State Of New York
No. .:'"i-4Q²y815¹'3
Qualified In ivassau County    ^
Commission Expires Sept. 11, 20(^7'

12