5245                                           Index No. ^520/300^ £
                                                Date filed: ^J-^JQ-↳.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X   Plaintiffs designate
                                            BRONX County as the
CHARLES JARVIS and KARON JARVIS,            Place of Trial

                    Plaintiffs,             Basis of Venue is
                                            Plaintiffs' residence
        -against-

JAMES BUTLER, M.D., MONTEFIORE
RADIATION ONCOLOGY, P.C., CENTER FOR
RADIATION THERAPY, MONTEFIORE MEDICAL       **SUMMONS**
MEDICAL CENTER, JACK D. WEILER HOSPITAL
DIVISION and THE UNIVERSITY HOSPITAL FOR    Plaintiffs reside at
THE ALBERT EINSTEIN COLLEGE OF MEDICINE     1010 Sherman Ave., Apt. 3E
MONTEFIORE MEDICAL CENTER,                  Bronx, New York 10456

                    Defendants.
----------------------------------------X

To the Above Named Defendants:

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this Summons, to serve notice of appearance on the plaintiffs attorneys within twenty [20] days after the service of this summons, exclusive of the day of service (or within thirty [30] days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
       March 7, 2007

**Defendants' Addresses:**                  **SILBERSTEIN, AWAD & MIKLOS, P.C.**


See Annexed Rider.                          By: _____
                                                 JOSEPH C. MUZIO, ESQ.
                                            Attorneys for Plaintiffs
                                            Office and P.O. Address
                                            600 Old Country Road
                                            Garden City, New York 11530
                                            (516)832-7777

1

# RIDER TO SUMMONS

**Defendants' Addresses:**

**JAMES BUTLER, M.D.**
Department of Radiation Oncology
Maimonides Cancer Center
15300 Eighth Avenue
Brooklyn, New York 11220

**MONTEFIORE RADIATION ONCOLOGY, P.C.**
1825 Eastchester Road
Bronx, New York 10461

**CENTER FOR RADIATION THERAPY**
1625 Poplar Street
Bronx, New York 10461

**MONTEFIORE MEDICAL CENTER**
1825 Eastchester Road
Bronx, New York 10461

**JACK D. WEILER HOSPITAL DIVISION**
1825 Eastchester Road
Bronx, New York 10461

**THE UNIVERSITY HOSPITAL FOR
THE ALBERT EINSTEIN COLLEGE OF MEDICINE
MONTEFIORE MEDICAL CENTER**
1825 Eastchester Road
Bronx, New York 10461

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
―――――――――――――――――――――――X
CHARLES JARVIS and KARON JARVIS,

          Plaintiffs,

    -against-                     **VERIFIED COMPLAINT**

JAMES BUTLER, M.D., MONTEFIORE
RADIATION ONCOLOGY, P.C., CENTER FOR
RADIATION THERAPY, MONTEFIORE MEDICAL
MEDICAL CENTER, JACK D. WEILER HOSPITAL
DIVISION and THE UNIVERSITY HOSPITAL FOR
THE ALBERT EINSTEIN COLLEGE OF MEDICINE
MONTEFIORE MEDICAL CENTER,

          Defendants.
―――――――――――――――――――――――X

     Plaintiffs, by and through their attorneys, **SILBERSTEIN, AWAD** & **MIKLOS, P.C.,** complaining of the defendants, allege as follows:

     1.    That at all times hereinafter mentioned plaintiffs were and still are residents of the County of Bronx, State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION

     2.    That at all times herein mentioned, defendant JAMES BUTLER, M.D., was a physician duly licensed to practice medicine in the State of New York.

     3.    That at all times herein mentioned, defendant JAMES BUTLER, M.D., held himself out to the general public and to the plaintiffs in particular, to be a specialist in the field of radiation oncology.

     4.    That beginning on or about June 22, 2004, defendant JAMES BUTLER, M.D., undertook to and did render medical care, treatment and services to plaintiff, CHARLES JARVIS, which care, treatment and services continued through and including October 25, 2004 and at times prior and subsequent thereto.

     5.    That upon information and belief, at all times herein mentioned,

1

defendant JAMES BUTLER, M.D., was or represented himself to be an agent, servant and/or employee of defendant MONTEFIORE MEDICAL CENTER and was acting within said scope and capacity with the knowledge, consent and authority of defendant MONTEFIORE MEDICAL CENTER.

6. That upon information and belief, at all times herein mentioned, defendant JAMES BUTLER, M.D., was or represented himself to be an agent, servant and/or employee of defendant JACK D. WEILER HOSPITAL DIVISION and was acting within said scope and capacity with the knowledge, consent and authority of defendant JACK D. WEILER HOSPITAL DIVISION.

7. That upon information and belief, at all times herein mentioned, defendant JAMES BUTLER, M.D., was or represented himself to be an agent, servant and/or employee of defendant THE UNIVERSITY HOSPITAL FOR THE ALBERT EINSTEIN COLLEGE OF MEDICINE MONTEFIORE MEDICAL CENTER and was acting within said scope and capacity with the knowledge, consent and authority of defendant THE UNIVERSITY HOSPITAL FOR THE ALBERT EINSTEIN COLLEGE OF MEDICINE MONTEFIORE MEDICAL CENTER.

8. That upon information and belief, at all times herein mentioned, defendant JAMES BUTLER, M.D, was or represented himself to be an agent, servant and/or employee of defendant MONTEFIORE RADIATION ONCOLOGY, P.C., and was acting within said scope and capacity with the knowledge, consent and authority of defendant MONTEFIORE RADIATION ONCOLOGY, P.C.

9. That upon information and belief, at all times herein mentioned, defendant JAMES BUTLER, M.D, was or represented himself to be an agent, servant and/or employee of defendant CENTER FOR RADIATION THERAPY, and was acting within said scope and capacity with the knowledge, consent and authority of defendant

2

CENTER FOR RADIATION THERAPY.

10. That at all times hereinafter mentioned, defendant, MONTEFIORE RADIATION ONCOLOGY, P.C., was and is a professional corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. That at all times herein relevant, the defendant MONTEFIORE RADIATION ONCOLOGY, P.C., owned, operated, maintained, managed and controlled certain medical offices and/or medical facilities for the medical care, treatment, evaluation and testing of patients at its facilities located at 1825 Eastchester Road, Bronx, New York 10461.

12. That beginning on or about June 22, 2004, the defendant MONTEFIORE RADIATION ONCOLOGY, P.C., its officers, shareholders, agents and/or employees undertook to and did render medical care, treatment, evaluations, testing and services to the plaintiff which care, treatment, evaluations, testing, and services continued through and including October 25, 2004 and at times prior and subsequent thereto.

13. That at all times hereinafter mentioned, defendant, CENTER FOR RADIATION THERAPY, was and is a professional corporation duly organized and existing under and by virtue of the laws of the State of New York.

14. That at all times herein relevant, the defendant CENTER FOR RADIATION THERAPY, owned, operated, maintained, managed and controlled certain medical offices and/or medical facilities for the medical care, treatment, evaluation and testing of patients at its facilities located at 1625 Poplar Street, Bronx, New York 10461.

15. That at all times herein relevant, the defendant CENTER FOR RADIATION THERAPY, formerly known as MONTEFIORE RADIATION ONCOLOGY, P.C, owned, operated, maintained, managed and controlled certain medical offices

3

and/or medical facilities for the medical care, treatment, evaluation and testing of patients at its facilities located at 1825 Eastchester Road, Bronx, New York 10461.

16. That beginning on or about June 22, 2004, the defendant CENTER FOR RADIATION THERAPY, its officers, shareholders, agents and/or employees undertook to and did render medical care, treatment, evaluations, testing and services to the plaintiff which care, treatment, evaluations, testing, and services continued through and including October 25, 2004 and at times prior and subsequent thereto.

17. That at all times herein mentioned, defendant MONTEFIORE MEDICAL CENTER was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

18. That at all times herein mentioned, defendant MONTEFIORE MEDICAL CENTER, owned, operated, maintained, managed and controlled a hospital for the care and treatment of sick and injured people at 1825 Eastchester Road, Bronx, New York 10461.

19. That beginning on or about June 21, 2004, defendant MONTEFIORE MEDICAL CENTER, its agents, servants and/or employees undertook to and did render medical care, treatment and services to plaintiff, CHARLES JARVIS, which care, treatment and services continued through and including July 12, 2006, and at times prior and subsequent thereto.

20. That at all times herein mentioned, defendant JACK D. WEILER HOSPITAL DIVISION was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

21. That at all times herein mentioned, defendant JACK D. WEILER HOSPITAL DIVISION, owned, operated, maintained, managed and controlled a hospital for the care and treatment of sick and injured people at 1825 Eastchester

4

Road, Bronx, New York 10461.

22. That beginning on or about June 21, 2004, defendant JACK D. WEILER HOSPITAL DIVISION, its agents, servants and/or employees undertook to and did render medical care, treatment and services to plaintiff, CHARLES JARVIS, which care, treatment and services continued through and including July 12, 2006, and at times prior and subsequent thereto.

23. That at all times herein mentioned, defendant THE UNIVERSITY HOSPITAL FOR THE ALBERT EINSTEIN COLLEGE OF MEDICINE MONTEFIORE MEDICAL CENTER was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

24. That at all times herein mentioned, defendant THE UNIVERSITY HOSPITAL FOR THE ALBERT EINSTEIN COLLEGE OF MEDICINE MONTEFIORE MEDICAL CENTER, owned, operated, maintained, managed and controlled a hospital for the care and treatment of sick and injured people at 1825 Eastchester Road, Bronx, New York 10461.

25. That beginning on or about June 21, 2004, defendant THE UNIVERSITY HOSPITAL FOR THE ALBERT EINSTEIN COLLEGE OF MEDICINE MONTEFIORE MEDICAL CENTER, its agents, servants and/or employees undertook to and did render medical care, treatment and services to plaintiff, CHARLES JARVIS, which care, treatment and services continued through and including July 12, 2006, and at times prior and subsequent thereto.

26. That the occurrences described herein and the resulting consequences thereon were caused by the carelessness and negligence, negligent acts and/or omissions, and medical and hospital malpractice of defendants their agents, servants and/or employees, in failing to properly, timely or adequately attend to and

care for plaintiff, CHARLES JARVIS; in failing to treat plaintiffs condition; in failing to allow plaintiff the opportunity of proper treatment of his condition; in negligently administering excessive radiation; in negligently over radiating the plaintiff; in failing to protect the plaintiffs eyes and/or optic nerves during the administration of radiation; in damaging the plaintiffs optic nerves; in negligently causing radiation optic neuropathy and blindness in the plaintiff; in negligently causing radiation atherosclerosis; in negligently causing thickening and decreased range of motion in the plaintiffs neck and parotid artery; in negligently administering cisplatin treatment resulting in peripheral neuropathy; in negligently causing stenosis and synocopal episodes; in misleading plaintiff as to the true nature of his medical condition; in failing to properly supervise and monitor plaintiffs condition; in causing, allowing and permitting the plaintiffs condition to worsen and deteriorate, thereby necessitating further hospitalization and treatment; in failing to properly diagnose plaintiffs condition; in failing to perform the necessary and proper diagnostic tests and procedures to determine the true condition of plaintiff; in causing, allowing and permitting plaintiff to sustain injuries due to improper procedures performed by the defendants; in causing, allowing and permitting the worsening of plaintiff's condition; in failing to hire and adequately train competent personnel; and in otherwise being careless and negligent under the circumstances. In addition, plaintiff claims the doctrine of res ipsa loquitur applies herein.

27. That by reason of the foregoing, plaintiff has been rendered sick, sore, lame and disabled and has sustained severe injuries of a permanent and lasting nature, and has otherwise been caused to be damaged thereby.

28. That the limited liability provisions set forth in CPLR §1601 do not apply to defendants, via operation of CPLR §1602(2)(iv) of the CPLR, as said defendants had a non-delegable duty to provide non-negligent medical care to plaintiffs;

to defendants, via operation of §1602(2)(iv) of the CPLR, as said defendants are liable to plaintiffs, pursuant to the doctrine of respondeat superior, for the negligence and/or carelessness and/or reckless and/or reckless disregard of said defendants agents, servants, and/or employees; to defendants via operation of §1602(7) of the CPLR, as said defendants acted with reckless disregard for the safety of plaintiffs; to defendants via operation of §1602(11) of the CPLR as said defendants acted knowingly, and in concert with co-defendants and/or others, to cause the negligent and/or careless and/or reckless conduct upon which liability is based.

29.    That by reason of the foregoing, plaintiffs have sustained damages in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction of this action.

### AS AND FOR A SECOND CAUSE OF ACTION

30.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "29" inclusive, with the same force and effect as if fully set forth at length herein.

31.    That defendants and/or each of them, their agents, servants and/or employees failed to obtain an informed consent from plaintiff; failed to reasonably advise him of the foreseeable risks, benefits, hazards and complications attendant to the medical and surgical procedures to be performed; failed to advise plaintiff of the available alternative methods and modalities of treatment; failed to advise plaintiff of the risks, benefits, hazards and complications attendant to the available alternative methods and modalities of treatment; failed to treat plaintiffs condition with available alternative methods; and otherwise failed to disclose that information as would a reasonable medical practitioner under similar circumstances.

32.    That the plaintiff and a reasonable person in the plaintiffs position

7

would not have consented to the radiation and chemotherapy procedures performed and would have sought prompt treatment had he been informed of the risks attendant to same.

33. As a result of the foregoing, plaintiff was proximately caused to sustain damages in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction of this action.

### AS AND FOR A THIRD CAUSE OF ACTION

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs " 1 " through "33" inclusive, with the same force and effect as if fully set forth at length herein.

35. That at all times herein mentioned, this plaintiff, KARON JARVIS, was and still is the lawful spouse of the plaintiff, CHARLES JARVIS, and as such is entitled to the services, society, companionship and consortium of her said spouse, Plaintiff CHARLES JARVIS.

36. That as a result of the foregoing accident and the resulting injuries to the plaintiff, CHARLES JARVIS, this plaintiff, KARON JARVIS, has been deprived of the services, society, companionship and consortium of her spouse.

37. That by reason of the foregoing, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of any and all Court.

**WHEREFORE,** plaintiffs demand judgment against the defendants on the first, second and third causes of action in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction over this action, together with costs and disbursements and interest computed from the date of any verdict rendered herein.

                **SILBERST^lr^WAp^flIKLOS**, P.C.

                By:_____
                   JOSEPH C.WIUZrO, ESQ.
                Attorneys for Plaintiffs
                600 Old Country Road
                Garden City, New York 11530
                (516)832-7777

## ATTORNEY'S VERIFICATION

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, stated that I am a member of the firm of SILBERSTEIN, AWAD & MIKLOS, P.C. the attorneys of record for the plaintiff in the within action; I have read the foregoing

## COMPLIANT

and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by plaintiffs is that plaintiffs reside in a County other than the one in which your affirmant maintains his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: books, records, memoranda, etc. in office file.

I affirm that the foregoing is true, under the penalties of perjury.

Dated:   Garden City, New York
         March 7, 2007

_____
JOSEPH C. MUZIO, ESQ.

## **CERTIFICATE OF MERIT**

**JOSEPH C. MUZIO,** an attorney duly licensed to practice law in the State of New York, affirms the following statements to be true under penalties of perjury:

1. I am a member of the law firm of SILBERSTEIN, AWAD & MIKLOS, P.C., attorneys for the plaintiffs herein, and after a review of the file I am fully familiar with the contents of the file as maintained in this office.

2. Pursuant to CPLR 3012(a), I have consulted with a physician licensed to practice medicine in the State of New York who is knowledgeable of the relevant issues regarding this matter and that I have concluded on the basis of such consultation that there is reasonable basis for the commencement of the action.

Dated:    Garden City, New York
         March 7, 2007

_____
JOSEPH C. MUZIO, ESQ.

5245

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
CHARLES JARVIS and KARON JARVIS,

                      Plaintiffs,

        -against-

JAMES BUTLER, M.D, MONTEFIORE
RADIATION ONCOLOGY, P.C., CENTER FOR
RADIATION THERAPY, MONTEFIORE MEDICAL
MEDICAL CENTER, JACK D. WEILER HOSPITAL
DIVISION and THE UNIVERSITY HOSPITAL FOR
THE ALBERT EINSTEIN COLLEGE OF MEDICINE
MONTEFIORE MEDICAL CENTER,

                      Defendants.
-----------------------------------------------------------------X

**NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING**

      PLEASE TAKE NOTICE that plaintiffs in the case captioned above consents and intends that this matter shall proceed as an electronically-filed case in the Filing by Electronic Means System ("FBEM") in accordance with the procedures therefor, described below. Service of papers by electronic means cannot be made upon a party unless that party consents to use of the system. As soon as possible after service of this Notice, each party served must indicate whether it consents.

### General Information

      In New York State, actions may be commenced and cases processed by means of the FBEM system in (1) tax certiorari claims in the Supreme Court in New York City and in Monroe, Westchester, and Suffolk Counties; (2) tort claims, and commercial claims in the Commercial Division, in the Supreme Court in New York City and in Albany, Monroe, Nassau, Suffolk, and Westchester counties; (3) commercial claims in the Commercial Division of Supreme Court, and proceedings in Surrogate's Court, in Erie County; and (4) selected claims against the State of New York.

1

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the court and served in a simple, convenient and expeditious manner. FBEM case documents are filed with the court by filing on the FBEM Website (go to "E-Courts" at www.nycourts.gov). which can be done at any time of the day or night. The documents are deemed filed when they are received by the Unified Court System server. The use of FBEM is governed by Section 202.5-b (Supreme Court), and 206.5 and 206.5-aa (Court of Claims) of the Uniform Rules for the Trial Courts-

### Instructions

The service of this Notice constitutes a statement of intent by the undersigned that the FBEM system be used in this case. When an action or proceeding is being commenced by means of the system, this Notice must accompany service of the initiating papers.

**As soon as possible after service of this Notice, the party served shall advise all parties whether it will agree to have the matter proceed by FBEM. Where the party served agrees, that party must, as soon as possible after service, file with the court and serve on all parties a Consent to FBEM.** A Consent form can be found in the "Forms" Section of the FBEM Website. The form and other aspects of FBEM are explained in the *User's Manual,* available on the Website. When this Notice Regarding Availability is served with papers initiating a lawsuit, the consent must be filed prior to service of or with the responsive pleadings or motion addressed to the pleadings.

Once parties agree that the case will be subject to FBEM, each must **PROMPTLY** submit a Filing User Registration form (see the "Forms" section of the Website) to obtain the confidential Filing User Identification Number and Password necessary to use the system. A party represented by an attorney who has previously registered as a Filing User in another case may file and serve the Consent to FBEM electronically by checking the designated box and following the instructions on the FBEM Website.

For additional information about FBEM, see the *User's Manual* and *Frequently Asked Questions* on the Website or contact the court in question or the FBEM Resource Center (at 646-386-3033).

Dated: Garden City, New York
March 7, 2007

                        SILBERSTEIN, AWAD & MIKLOS, P.C.

By: _____
      JOSEPH C. KTOZIO, ESQ.
Attorneys *y>x* Plaintiffs
Office and P.O. Address
600 Old Country Road
Garden City, New York, 11530
(516) 832-7777

**3**

5245

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX--------------------------------------X

CHARLES JARVIS and KARON JARVIS,

                Plaintiffs,

-against-                **CONSENT TO FBEM***

JAMES BUTLER, M.D., MONTEFIORE
RADIATION ONCOLOGY, P.C., CENTER FOR
RADIATION THERAPY, MONTEFIORE MEDICAL
MEDICAL CENTER, JACK D. WEILER HOSPITAL
DIVISION and THE UNIVERSITY HOSPITAL FOR
THE ALBERT EINSTEIN COLLEGE OF MEDICINE
MONTEFIORE MEDICAL CENTER,

                Defendants.
-----------------------------------------------------------------X

    I,_____, am a party or an attorney for a party in the above captioned law suit, and I consent to the use of FBEM in this action. I further consent to be bound by the service and filing provisions of the FBEM Rules (22 NYCRR § 202.5-b) and to comply with the User's Manual approved by the Chief Administrator of the Courts.

    I have set forth below up to three internet e-mail addresses for the purposes of services and giving notice of each filing:

_____        _____
Signature                                        Address

_____        _____
Print or Type Name

Attorney for_____       _____
                                            Telephone Number

_____
    *All parties must file and serve this consent to participate in an FBEM case. Where the attorney for a party is a Filing User, the consent may be filed and served electronically (see http://fbem.courts.state.nv.us').

Index No. • ! Year . „ RJINo. Hon.

SUPREME COURT OF Th._ STATE OF NEW YORK
COUNTY OF BRONX

---

CHARLES JARVIS and KARON JARVIS,

                    Plaintiffs,

    -against-

JAMES BUTLER, M.D., MONTEFIORE RADIATION ONCOLOGY, P.C., CENTER FOR RADIATION THERAPY, MONTEFIORE MEDICAL MEDICAL CENTER, JACK D. WEILER HOSPITAL DIVISION and THE UNIVERSITY HOSPITAL FOR THE ALBERT EINSTEIN COLLEGE OF MEDICINE MONTEFIORE MEDICAL CENTER,

                    Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT, NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING AND CONSENT TO FBEM*

---

SILBERSTEIN, AWAD & MIKLOS, P.C.

*Attorneys/or* **Plaintiffs**

*Office and Post Office Address, Telephone*

**600 Old Country Road**
GARDEN CITY, N.Y. 11530
(516)832-7777
(718) 2048000    (212) 233*600

---

To

Attorney^) for       ^

Signature (Rule 130-1.1-a)

Print name beneath
c^~Z)^e^7&&H   C-   fi4^{Kj}'~^U_{TM}^i

Service of a copy of the within                              is hereby admitted.

Dated,

                                Attorney(s) for

---

**Please take notice**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                     of which the within is a true copy will be presented for
settlement to the HON.                                                                                      one of the judges
of the within named court, at
on                                      at                          M

Dated,
                                                                       Yours, etc.

                                SILBERSTEIN, AWAD & MIKLOS, P.C.
                                *Attorneys for*

To
                                *Office and Post Office Address*
                                **600 Old Country Road**
Attorney(s) for                                      GARDEN CITY, N.Y. 11530