5245

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X
CHARLES JARVIS and KARON JARVIS,

                                        Plaintiffs,              Index #: 8580/07

                    -against-                            **VERIFIED BILL OF**
                                                         **_PARTICULARS_**
JAMES BUTLER, M.D., MONTEFIORE
RADIATION ONCOLOGY, P.C., CENTER FOR
RADIATION THERAPY, MONTEFIORE MEDICAL
MEDICAL CENTER, JACK D. WEILER HOSPITAL
DIVISION and THE UNIVERSITY HOSPITAL FOR
THE ALBERT EINSTEIN COLLEGE OF MEDICINE
MONTEFIORE MEDICAL CENTER,

                                        Defendants.
-------------------------------------------------------------------------X

                Plaintiffs, through their attorneys, SILBERSTEIN, AWAD & MIKLOS, P.C.,

as and for their Verified Bill of Particulars in response to the demand of defendant,

MONTEFIORE MEDICAL CENTER respectfully states the following:

                1.      The negligent acts and/or omissions of this defendant, its agents,

servants and/or employees took place at various times between June 21, 2004 up to and

including July 12, 2006 and at times prior and subsequent thereto. The times of day of the

alleged negligent acts and/or omissions are contained within the medical records of this

answering defendant and the co-defendant.

                2.      The negligent acts and/or omissions of this defendant, its' agents,

servants and/or employees occurred in the operating rooms, recovery rooms, patient

rooms, radiology departments, oncology departments and other areas where the plaintiff

**1**

was treated by the agents, servants and/or employees of defendant MONTEFIORE MEDICAL CENTER including but not limited to facilities at the following addresses:  1825 Eastchester Road, Bronx, New York and 1625 Poplar Street, Bronx, New York.

3.    The defendant, MONTEFIORE MEDICAL CENTER, its agents, servants and/or employees were careless and negligent and departed from accepted standards of medical and hospital practice in the care, treatment and services rendered to the plaintiff, CHARLES JARVIS:  in failing  to properly, timely or adequately attend to and care for plaintiff, CHARLES JARVIS;  in failing to treat plaintiffs condition; in failing to allow plaintiff the opportunity of proper treatment of his condition; in negligently administering excessive radiation; in negligently over radiating the plaintiff; in failing to protect the plaintiffs eyes and/or optic nerves during the administration of radiation; in damaging the plaintiffs optic nerves; in negligently causing radiation optic neuropathy and blindness in the plaintiff; in negligently causing radiation atherosclerosis; in negligently causing thickening and decreased range of motion in the plaintiffs neck and carotid artery; in negligently damaging the muscles in plaintiffs neck; in negligently failing to protect MR. JARVIS' neck and spine during radiation; in negligently damaging plaintiffs neck and spine and surrounding nerves, muscles and tissues during radiation; in negligently administering cisplatin treatment resulting in peripheral neuropathy; in negligently causing stenosis and synocopal episodes;  in misleading plaintiff as to the true nature of his medical condition; in failing to properly supervise and monitor plaintiffs condition; in causing, allowing and permitting the plaintiffs condition to worsen and deteriorate, thereby necessitating further

2

hospitalization and treatment; in failing to properly diagnose plaintiffs condition; in failing to perform the necessary and proper diagnostic tests and procedures to determine the true condition of plaintiff; in causing, allowing and permitting plaintiff to sustain injuries due to improper procedures performed by the defendants; in misdirecting radiation; in negligently failing to maintain radiation equipment in proper working order; in negligently causing radiation machine to malfunction on September 1, 2004; in negligently allowing radiation machine to malfunction on September 1,2004; in over radiating the plaintiff on September 1, 2004; in misdirecting radiation on September 1, 2004; in causing, allowing and permitting the worsening of plaintiffs condition; and in failing to hire and adequately train competent personnel.  In addition, plaintiff claims the doctrine of res ipsa loquitur applies herein.

4.  The claims of vicarious liability against the defendant concern the agents, servants and/or employees of the defendant who examined, tested, treated, administered radiation therapy and cisplatin, advised the administration of radiation therapy and cisplatin; cared for and advised the plaintiff and who analyzed, read and reported on the plaintiffs condition during the time plaintiff was under the care of this defendant.  The names or identity of these persons are noted in the medical records of this defendant.  Plaintiffs reserve their rights to supplement this response.

5.  Defendant violated those good and accepted medical practices, customs and standards by failing to possess that degree of learning and skill ordinarily possessed by reputable practicing physicians and under similar circumstances; failing to

3

properly use that skill and care to practice in a manner in which reputable members of the profession would practice; in failing to use reasonable diligence and the best possible judgement in the exercise of the professional skill and application of that learning; failing to exercise reasonable care and diligence in rendering medical treatment; failing to properly and adequately supervise the treatment rendered by other physicians; failing to regularly update medical skills, knowledge and training in accordance with the state of the art medicine; failing to fully and adequately information and/or disclose to plaintiff all of the facts that a reasonable physician under similar circumstances would explain or disclose to a patient including a failure to disclose the risks and benefits associated with the surgery, treatment and procedures performed, the alternatives thereto and the risks and benefits relating the alternatives; failing to perform medical procedures in a proper and adequate manner; failing to afford plaintiff the proper required monitoring and treatment; failing to prevent exacerbation of plaintiffs condition; failing to properly refer plaintiff to the appropriate specialists; and more specifically, see paragraph 3 hereinabove.

6.  This demand is improper for a bill of particulars.  See <u>Patterson v. The Jewish Hospital and Medical Center of Brooklyn</u>. 94 Misc.2d 680, 405 N.Y.S.2d 194 (Sup. Ct. Kings 1978).

7.  Plaintiff does claim that a radiation machine used on the plaintiff was defective or improperly used and was caused to malfunction.

8.  (a) This defendant, its agents, servants and/or employees ignored complaints, signs and/or symptoms of the plaintiff, including blurring of vision, neck pain,

4

back pain, dizziness, fainting, fatigue, inability to see, peripheral neuropathy and emotional distress.

(b) This defendant, its agents, servants and/or employees failed to diagnose damage to optic nerves and the correct diagnosis should have bee made in September/October of 2004 and thereafter;

c) Plaintiff is claiming that cisplatin treatment was improperly administered. Additionally, plaintiff is claiming that MR. JARVIS received excessive radiation resulting in the injuries set forth in paragraph 10 below.

(d) Cisplatin.

(e) Drugs and radiation therapy.

(f) Plaintiff shall claim that the defendants failed to perform those diagnostic or therapeutic tests or procedures as would the reasonably skillful and competent medical and/or hospital practitioner or facility would have so performed under the circumstances, including but not limited to optic nerve testing, opthalmologic testing, CT scans, MRIs, EMGs, visual field testing, laboratory and other diagnostic testing.

9. Plaintiff is not making a claim that defendants failed to or improperly performed surgery.

10. (a) The defendant's acts of negligence herein caused, precipitated, activated, and/or aggravated the following injuries, all of which are permanent in effect:

Radiation toxicity;

Bilateral optic neuropathy;

5

Bilateral acute vision loss;

Blindness;

Dry eyes;

Thickening of neck;

Radiation induced myopathy;

Radiation induced myelopathy;

Decreased range of motion of neck;

Decreased range of motion of mouth;

Carotid stenosis;

Syncopal episodes;

Hyperpigmentation of skin on neck;

Loss of paracervical musculature
with chin on chest deformity;

Peripheral neuropathy;

Loss of postural tone;

Disordered balance;

Gait ataxia;

Headaches;

Tingling and numbness sensations;

Light-headed;

Dizziness;

Insomnia;

6

Damage to plaintiffs neck and spine and surrounding nerves, muscles and tissues;

Neck pain radiating to left upper extremity;

Tingling and numbness in both upper and lower extremities;

Severe psychological and emotional pain and suffering;

Loss of enjoyment and quality of life;

Need for continuous medical care and treatment;

Need for future surgery.

Mental anguish;

Sequela to the above.

It will be claimed that all the foregoing injuries are permanent and lasting, either in their nature or effects.

11.    (a) and (b)  The plaintiff has been confined to his bed, home and general area from the date of the occurrence to the present time.

c) The plaintiff was confined to defendant MONTEFIORE MEDICAL CENTER in March of 2006 and at Columbia Presbyterian Hospital in the fall of 2006.

12.    (a through d) and (f)   Plaintiff is not presently making a claim for special damages.  Plaintiff makes no claim for reimbursement of any expenses already repaid or reimbursed by collateral source.  However, plaintiff reserves its right to introduce

7

said amounts, as a measure of damages at time of trial.

   e)  Plaintiff is claiming a future loss of earnings due to the fact that he can no longer perform those duties and responsibilities of a correction officer and is therefore unable to work.  The subject matter of future economic loss is subject to testimony of an expert economist familiar with this subject matter.  The defendant is referred to and advised that the specifics of the future economic loss will be set forth in a 3101 (d) expert disclosure at the time when the economist who will testify at trial is retained and opinion is provided in conformity with statutory and case precedents regarding 3101 (d) disclosures.

   13. a) The occupation of the plaintiff was a correction officer;

   b) The plaintiff was employed by the New York City Department of Corrections, 215 East 161st Street, New York, New York, 10452

   c) The plaintiff has been unable to attend his employment from July 16, 2004 to present.

   d) The plaintiff earned approximately $77,000.00 the year prior to the occurrence.

   14. CHARLES JARVIS' date of birth is August 8, 1957.

   15. The plaintiffs reside at 1010 Sherman Avenue, Bronx, New York.

   16. Plaintiff CHARLES JARVIS'social security number is ▮▮▮▮▮▮

   17. Plaintiffs decline to respond to this request pursuant to CPLR §4545 since the plaintiffs are not, at this time, making any claim for special damages and the

controlling Appellate Division law makes such disclosure irrelevant and unnecessary.

18.   It is claimed that defendant failed to inform the plaintiff of the dangers, risks and complications inherent in the proposed treatment and/or procedures to be performed; it is further claimed that the defendant failed to inform the plaintiff of the alternatives to the proposed treatment and/or procedures to be performed, as well as the dangers, risks and complications inherent in those alternatives.

Dated:   Garden City, New York
            August 2, 2007

                                              Yours, etc.

                                              SILBERSTEIN, AWAD & MIKLOS, P.C.

                                              BY: _____
                                                  JUTJITH A. DONNEL
                                              Attorneys for Plaintiffs
                                              Office and P.O. Address
                                              600 Old Country Road
                                              Garden City, New York 11530
                                              (516)832-7777

TO:   WILSON, ELSER, MOSKOWITZ,
         EDELMAN & DICKER, LLP
         Attorneys for Defendants
         JAMES BUTLER, M.D. and
         MONTEFIORE MEDICAL CENTER, Individually,
         and MONTEFIORE MEDICAL CENTER sued
         herein as MONTEFIORE MEDICAL CENTER,
         JACK D. WEILER HOSPITAL DIVISION and
         THE UNIVERSITY HOSPITAL FOR
         THE ALBERT EINSTEIN COLLEGE OF MEDICINE
         MONTEFIORE MEDICAL CENTER
         3 Gannett Drive
         White Plains, New York 10604
         (914) 323-7000

9

<u>ATTORNEY'S VERIFICATION</u>

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, states that I am associated with the firm of SILBERSTEIN, AWAD & MIKLOS, P.C. the attorneys of record for the plaintiff in the within action; I have read the foregoing

**BILL OF PARTICULARS**

and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by plaintiff is that plaintiff resides in a County other than the one in which your affirmant maintains her office.

The grounds of my belief as to ail matters not stated upon my own knowledge are as follows: books, records, memoranda, etc. in office file.

I affirm that the foregoing is true, under the penalties of perjury.

Dated:   Garden City, New York
         August 2, 2007

_____
JUDITH A. DONNEL

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK)
                              ) .ss
COUNTY OF NASSAU  )

    **KAREN A. OTTINGER,** being duly sworn, deposes and says:

    I am not a party to the action, am over 18 years of age and reside at Rockville Centre, New York.   On August 2, 2007,1 served the within **VERIFIED BILL OF PARTICULARS** by depositing a true copy thereof enclosed in a postpaid first class wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

TO:   WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER, LLP
       Attorneys for Defendants
       JAMES BUTLER, M.D. and
       MONTEFIORE MEDICAL CENTER, Individually,
       and MONTEFIORE MEDICAL CENTER sued
       herein as MONTEFIORE MEDICAL CENTER,
       JACK D. WEILER HOSPITAL DIVISION and
       THE UNIVERSITY HOSPITAL FOR
       THE ALBERT EINSTEIN COLLEGE OF MEDICINE
       MONTEFIORE MEDICAL CENTER
       3 Gannett Drive
       White Plains, New York 10604
       (914) 323-7000

_**Lh.**_ _____
KAREN A^OTTINGER

Sworn to before me
August 2, 2007

NOTARY PUBLTC

JENNIFER LOMBARD!
IoJfpublic, State oi New **Vfcrtt**
% o .  01LO61B1037
Qualified in Nassau Coun^.
**Commission Expires V W * w »**

Index No. 8580     Year 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

CHARLES JARVIS and KARON JARVIS,

                             Plaintiffs,

            -against-

JAMES BUTLER, M.D., MONTEFIORE
RADIATION ONCOLOGY, P.C., CENTER FOR
RADIATION THERAPY, MONTEFIORE MEDICAL
MEDICAL CENTER, JACK D. WEILER HOSPITAL
DIVISION and THE UNIVERSITY HOSPITAL FOR
THE ALBERT EINSTEIN COLLEGE OF MEDICINE
MONTEFIORE MEDICAL CENTER,

                            Defendants.

## VERIFIED BILL OF PARTICULARS

### SILBERSTEIN, AWAD & MIKLOS, P.C.

*Attorneys for*
Plaintiffs
*Office and Post Office Address, Telephone*
**600 Old Country Road**
**Garden City, NY 11530**
(516)832-7777

**To**

                                   Signature (Rule 130-1.1-a)

Attorneys for Plaintiffs

_____

Service of a copy of the within                 is hereby admitted.

Dated,

               . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
               Attorney(s) for

5245

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
————————————————————————————X

CHARLES JARVIS and KARON JARVIS,

                  Plaintiffs,

        -against-

JAMES BUTLER, M.D., MONTEFIORE
RADIATION ONCOLOGY, P.C., CENTER FOR
RADIATION THERAPY, MONTEFIORE MEDICAL
MEDICAL CENTER, JACK D. WEILER HOSPITAL
DIVISION and THE UNIVERSITY HOSPITAL FOR
THE ALBERT EINSTEIN COLLEGE OF MEDICINE
MONTEFIORE MEDICAL CENTER,

                  Defendants.
————————————————————————————X

Index #: 8580/07

**VERIFIED BILL OF**
**_PARTICULARS_**

        Plaintiffs, through their attorneys, SILBERSTEIN, AWAD & MIKLOS, P.C.,

as and for their Verified Bill of Particulars in response to the demand of defendant, JAMES

BUTLER, M.D. respectfully states the following:

        1.      The negligent acts and/or omissions of this defendant, his agents,

servants and/or employees took place at various times between June 22, 2004 up to and

including October 25, 2004, and at times prior and subsequent thereto.  The times of day

of the alleged negligent acts and/or omissions are contained within the medical records of

this answering defendant and the co-defendant.

        2.      The negligent acts and/or omissions of this defendant, his agents,

servants and/or employees occurred in the operating rooms, recovery rooms, patient

rooms, radiology departments, oncology departments and other areas where the plaintiff

**1**

was treated by the agents, servants and/or employees of defendant MONTEFIORE MEDICAL CENTER including but not limited to facilities at the following addresses: 1825 Eastchester Road, Bronx, New York and 1625 Poplar Street Bronx, New York.

3.    The defendant, JAMES BUTLER, M.D., his agents, servants and/or employees were careless and negligent and departed from accepted standards of medical and hospital practice in the care, treatment and services rendered to the plaintiff, CHARLES JARVIS:  in failing to properly, timely or adequately attend to and care for plaintiff, CHARLES JARVIS;  in failing to treat plaintiffs condition; in failing to allow plaintiff the opportunity of proper treatment of his condition; in negligently administering excessive radiation; in negligently over radiating the plaintiff; in failing to protect the plaintiffs eyes and/or optic nerves during the administration of radiation; in damaging the plaintiffs optic nerves; in negligently causing radiation optic neuropathy and blindness in the plaintiff; in negligently causing radiation atherosclerosis; in negligently causing thickening and decreased range of motion in the plaintiffs neck and carotid artery;  in negligently damaging the muscles in plaintiffs neck; in negligently failing to protect MR. JARVIS' neck and spine during radiation; in negligently damagin g plaintiffs neck and spine and surrounding nerves, muscles and tissues during radiation; in negligently administering cisplatin treatment resulting in peripheral neuropathy; in negligently causing stenosis and synocopal episodes;  in misleading plaintiff as to the true nature of his medical condition; in failing to properly supervise and monitor plaintiffs condition; in causing, allowing and permitting the plaintiffs condition to worsen and deteriorate, thereby necessitating further

2

hospitalization and treatment; in failing to properly diagnose plaintiffs condition; in failing to perform the necessary and proper diagnostic tests and procedures to determine the true condition of plaintiff; in causing, allowing and permitting plaintiff to sustain injuries due to improper procedures performed by the defendants; in misdirecting radiation; in negligently failing to maintain radiation equipment in proper working order; in negligently causing radiation machine to malfunction on September 1, 2004; in negligently allowing radiation machine to malfunction on September 1,2004; in over radiating the plaintiff on September 1, 2004; in misdirecting radiation on September 1, 2004; in causing, allowing and permitting the worsening of plaintiffs condition; and in failing to hire and adequately train competent personnel.  In addition, plaintiff claims the doctrine of res ipsa loquitur applies herein.

   4.  The claims of vicarious liability against the defendant concern the agents, servants and/or employees of the defendant who examined, tested, treated, administered radiation therapy and cisplatin, advised the administration of radiation therapy and cisplatin; cared for and advised the plaintiff and who analyzed, read and reported on the plaintiffs condition during the time plaintiff was under the care of this defendant.  The names or identity of these persons are noted in the medical records of this defendant. Plaintiffs reserve their rights to supplement this response.

   5.  Defendant violated those good and accepted medical practices, customs and standards by failing to possess that degree of learning and skill ordinarily possessed by reputable practicing physicians and under similar circumstances; failing to

3

properly use that skill and care to practice in a manner in which reputable members of the profession would practice; in failing to use reasonable diligence and the best possible judgement in the exercise of the professional skill and application of that learning; failing to exercise reasonable care and diligence in rendering medical treatment; failing to properly and adequately supervise the treatment rendered by other physicians; failing to regularly update medical skills, knowledge and training in accordance with the state of the art medicine; failing to fully and adequately information and/or disclose to plaintiff all of the facts that a reasonable physician under similar circumstances would explain or disclose to a patient including a failure to disclose the risks and benefits associated with the surgery, treatment and procedures performed, the alternatives thereto and the risks and benefits relating the alternatives; failing to perform medical procedures in a proper and adequate manner; failing to afford plaintiff the proper required monitoring and treatment; failing to prevent exacerbation of plaintiffs condition; failing to properly refer plaintiff to the appropriate specialists; and more specifically, see paragraph 3 hereinabove.

6. This demand is improper for a bill of particulars. See <u>Patterson v. The Jewish Hospital and Medical Center of Brooklyn</u>, 94 Misc.2d 680, 405 N.Y.S.2d 194 (Sup. Ct. Kings 1978).

7. Plaintiff does claim that a radiation machine used on the plaintiff was defective or improperly used and was caused to malfunction.

8. (a) This defendant, his agents, servants and/or employees ignored complaints, signs and/or symptoms of the plaintiff, including blurring of vision, neck pain,

4

back pain, dizziness, fainting, fatigue, inability to see, peripheral neuropathy and emotional distress.

(b) This defendant, its agents, servants and/or employees failed to diagnose damage to optic nerves and the correct diagnosis should have bee made in September/October of 2004 and thereafter;

c) Plaintiff is claiming that cisplatin treatment was improperly administered. Additionally, plaintiff is claiming that MR. JARVIS received excessive radiation resulting in the injuries set forth in paragraph 10 below.

(d) Cisplatin.

(e) Drugs and radiation therapy.

(f) Plaintiff shall claim that the defendants failed to perform those diagnostic or therapeutic tests or procedures as would the reasonably skillful and competent medical and/or hospital practitioner or facility would have so performed under the circumstances, including but not limited to optic nerve testing, opthalmologic testing, CT scans, MRIs, EMGs, visual field testing, laboratory and other diagnostic testing.

9. Plaintiff is not making a claim that defendants failed to or improperly performed surgery.

10. (a) The defendant's acts of negligence herein caused, precipitated, activated, and/or aggravated the following injuries, all of which are permanent in effect:

Radiation toxicity;

Bilateral optic neuropathy;

5

Bilateral acute vision loss;

Blindness;

Dry eyes;

Thickening of neck;

Radiation induced myopathy;

Radiation induced myelopathy;

Decreased range of motion of neck;

Decreased range of motion of mouth;

Carotid stenosis;

Syncopal episodes;

Hyperpigmentation of skin on neck;

Loss of paracervical musculature
with chin on chest deformity;

Peripheral neuropathy;

Loss of postural tone;

Disordered balance;

Gait ataxia;

Headaches;

Tingling and numbness sensations;

Light-headed;

Dizziness;

Insomnia;

Damage to plaintiffs neck and
spine and surrounding nerves,
muscles and tissues;

Neck pain radiating to left upper
extremity;

Tingling and numbness in both
upper and lower extremities;

Severe psychological and
emotional pain and suffering;

Loss of enjoyment and quality of life;

Need for continuous medical care
and treatment;

Need for future surgery.

Mental anguish;

Sequela to the above.

It will be claimed that all the foregoing injuries are permanent and
lasting, either in their nature or effects.

11.    (a) and (b)  The plaintiff has been confined to his bed, home and
general area from the date of the occurrence to the present time.

c) The plaintiff was confined to defendant MONTEFIORE MEDICAL
CENTER in March of 2006 and at Columbia Presbyterian Hospital in the fall of 2006.

12.    (a through d) and (f)    Plaintiff is not presently making a claim for
special damages.  Plaintiff makes no claim for reimbursement of any expenses already
repaid or reimbursed by collateral source.  However, plaintiff reserves its right to introduce

7

said amounts, as a measure of damages at time of trial.

      e) Plaintiff is claiming a future loss of earnings due to the fact that he can no longer perform those duties and responsibilities of a correction officer and is therefore unable to work. The subject matter of future economic loss is subject to testimony of an expert economist familiar with this subject matter. The defendant is referred to and advised that the specifics of the future economic loss will be set forth in a 3101 (d) expert disclosure at the time when the economist who will testify at trial is retained and opinion is provided in conformity with statutory and case precedents regarding 3101 (d) disclosures.

      13.   a) The occupation of the plaintiff was a correction officer;

      b) The plaintiff was employed by the New York City Department of Corrections, 215 East 161 st Street, New York, New York, 10452

      c) The plaintiff has been unable to attend his employment from July 16, 2004 to present.

      d) The plaintiff earned approximately $77,000.00 the year prior to the occurrence.

      14.   CHARLES JARVIS' date of birth is August 8, 1957.

      15.   The plaintiffs reside at 1010 Sherman Avenue, Bronx, New York.

      16.   Plaintiff CHARLES JARVIS' social security number is ███████.

      17.   Plaintiffs decline to respond to this request pursuant to CPLR §4545 since the plaintiffs are not, at this time, making any claim for special damages and the

8

controlling Appellate Division law makes such disclosure irrelevant and unnecessary.

18.   It is claimed that defendant failed to inform the plaintiff of the dangers, risks and complications inherent in the proposed treatment and/or procedures to be performed; it is further claimed that the defendant failed to inform the plaintiff of the alternatives to the proposed treatment and/or procedures to be performed, as well as the dangers, risks and complications inherent in those alternatives.

Dated:   Garden City, New York
         August 2, 2007

                                    Yours, etc.

                                    SILBERSTEIN, AWAD & MIKLOS, P.C.

                                    BY:_____
                                        JUDITH A. DONNEL
                                    Attorneys for Plaintiffs
                                    Office and P.O. Address
                                    600 Old Country Road
                                    Garden City, New York 11530
                                    (516)832-7777

TO:   WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER, LLP
      Attorneys for Defendants
      JAMES BUTLER, M.D. and
      MONTEFIORE MEDICAL CENTER, Individually,
      and MONTEFIORE MEDICAL CENTER sued
      herein as MONTEFIORE MEDICAL CENTER,
      JACK D. WEILER HOSPITAL DIVISION and
      THE UNIVERSITY HOSPITAL FOR
      THE ALBERT EINSTEIN COLLEGE OF MEDICINE
      MONTEFIORE MEDICAL CENTER
      3 Gannett Drive
      White Plains, New York 10604
      (914) 323-7000

9

<u>ATTORNEY'S VERIFICATION</u>

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, states that I am associated with the firm of SILBERSTEIN, AWAD & MIKLOS, P.C. the attorneys of record for the plaintiff in the within action; I have read the foregoing

## BILL OF PARTICULARS

and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by plaintiff is that plaintiff resides in a County other than the one in which your affirmant maintains her office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  books, records, memoranda, etc. in office file.

I affirm that the foregoing is true, under the penalties of perjury.

Dated:  Garden City, New York
        August 2, 2007

_____
JUDITH A. DONNEL

## <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK)
                        ) .ss
COUNTY OF NASSAU )

     **KAREN A. OTTINGER,** being duly sworn, deposes and says:

     I am not a party to the action, am over 18 years of age and reside at Rockville Centre, New York.   On August 2, 2007,1 served the within **VERIFIED BILL OF PARTICULARS** by depositing a true copy thereof enclosed in a postpaid first class wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:


TO:   WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER, LLP
       Attorneys for Defendants
       JAMES BUTLER, M.D. and
       MONTEFIORE MEDICAL CENTER, Individually,
       and MONTEFIORE MEDICAL CENTER sued
       herein as MONTEFIORE MEDICAL CENTER,
       JACK D. WEILER HOSPITAL DIVISION and
       THE UNIVERSITY HOSPITAL FOR
       THE ALBERT EINSTEIN COLLEGE OF MEDICINE
       MONTEFIORE MEDICAL CENTER
       3 Gannett Drive
       White Plains, New York 10604
       (914) 323-7000


KAREN A^TTINGER

Sworn to before me
August 2, 2007

NOTARY PUBLIC

JENNIFER LOMBARDI
Notary Public, State of New York
No. 01L06161037
Qualified in Nassau County
Commission Expires 8/07/2010

Index No. 8580    Year 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

CHARLES JARVIS and KARON JARVIS,

Plaintiffs,

-against-

JAMES BUTLER, M.D., MONTEFIORE
RADIATION ONCOLOGY, P.C., CENTER FOR
RADIATION THERAPY, MONTEFIORE MEDICAL
MEDICAL CENTER, JACK D. WEILER HOSPITAL
DIVISION and THE UNIVERSITY HOSPITAL FOR
THE ALBERT EINSTEIN COLLEGE OF MEDICINE
MONTEFIORE MEDICAL CENTER,

Defendants.

## VERIFIED BILL OF PARTICULARS

### SILBERSTEIN, AWAD & MIKLOS, P.C.

*Attorneys for*
Plaintiffs
*Office and Post Office Address, Telephone*
**600 Old Country Road**
**Garden City, NY 11530**
(516)832-7777

**To**                                    Signature (Rule 130-1.1-a)

Attorneys for Plaintiffs

Service of a copy of the within                    is hereby admitted.

Dated,

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Attorney(s) for