SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

CHARLES JARVIS and KARON JARVIS,

                        Plaintiffs,        Index No.: 8580/07

      -against-                     **ATTORNEY'S AFFIRMATION**

JAMES BUTLER, M.D., MONTEFIORE
RADIATION ONCOLOGY, P.C., CENTER FOR
RADIATION THERAPY, MONTEFIORE MEDICAL
MEDICAL CENTER, JACK D. WEILER HOSPITAL
DIVISION and THE UNIVERSITY HOSPITAL FOR
THE ALBERT EINSTEIN COLLEGE OF MEDICINE
MONTEFIORE MEDICAL CENTER,

                        Defendants.
-------------------------------------------------------------------X

      **JUDITH A. DONNEL,** an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the truth of the following under the penalties of perjury:

      1. I am associated with the law firm of SILBERSTEIN, AWAD & MIKLOS, P.C., attorneys for the plaintiffs herein, and after a review of the file, I am fully familiar with the facts and circumstances heretofore had herein.

      2. This Affirmation is respectfully submitted in support of plaintiffs motion to compel defendant, **MONTEFIORE MEDICAL CENTER to** respond to plaintiffs Notice for Discovery and Inspection dated June 8, 2007 and compelling the defendant to respond immediately to said Notice for Discovery and Inspection within 10 days (or sooner) of being served with a copy of an Order directing such.

      3. This action is one to recover monetary damages for serious, severe and permanent injuries sustained by plaintiff, CHARLES JARVIS as a result of the

1

medical malpractice of the defendants named herein. Specifically, this case involves over-radiation of plaintiff CHARLES JARVIS resulting in blindness and other severe and serious injuries. In addition, there is an entry in the radiation records for September 1, 2004 indicating a machine malfunction.

      4. At the outset, plaintiff seeks the Court's assistance on an emergent basis because the statute of limitations concerning a potential products liability action against the manufacturer of the radiation machine will expire on September 1, 2007 (see below). That is, if the plaintiff goes through the usual process of obtaining the sought-after records, weeks to months could pass by before the records are produced. The Statute of Limitations would expire in the interim.

      5. On May 11, 2006, the plaintiff, CHARLES JARVIS contacted our law firm to investigate a potential medical malpractice action on his behalf. Plaintiff, CHARLES JARVIS was diagnosed with nasal pharyngeal cancer in May of 2004. He was thereafter treated with a course of chemotherapy and radiation therapy. It was MR. JARVIS' belief that he was over-radiated and this resulted in radiation neuropathy, damaged optic nerve and blindness.

      6. Subsequent to being retained our firm set out to obtain a complete copy of MR. JARVIS' medical records, including his radiation oncology records. We had these records reviewed by a medical expert and this expert provided us with a basis upon which to begin this action and file a Certificate of Merit (a copy of the Certificate of Merit is annexed hereto as Exhibit "A").

      7. During the course of the investigation of this matter and after reviewing the records to determine defendants, a note dated September 1, 2004 was discovered which indicated that the radiation machine used on MR. JARVIS malfunctioned (a copy of this September 1, 2004 note is annexed hereto as Exhibit "B").

2

8. At this point, a Summons and Verified Complaint was prepared and served on defendant MONTEFIORE MEDICAL CENTER on March 9, 2007 for medical malpractice. Issue was joined by this defendant on March 28, 2007.

9. Shortly thereafter, on June 8, 2007, our office served a Notice for Discovery and Inspection on the answering defendants requesting specific information with regard to this machine and the technicians who operated the machine on the date of the malfunction (i.e., September 1, 2004). (A copy of the Notice for Discovery and Inspection is annexed hereto as Exhibit "C").

10. On July 20, 2007, the attorneys for defendant responded that although they received our Notice, they would not respond to our demands until they were in receipt of the Verified Bill of Particulars. (A copy of this letter is annexed hereto as Exhibit "D").

11. Plaintiff has since served their Verified Bills of Particulars responsive to the demands of each defendant (copies of the Bills of Particulars are annexed hereto as Exhibit "E").

12. It is imperative that the defendants immediately respond to our Notice so that we may preserve the rights of the plaintiff to pursue a products liability action against the manufacturer and maintenance providers to the machine, as well as those technicians responsible for operating the machine on September 1, 2004.

13. Defendant will not be prejudiced by expediting their production of the requested identifications and records, but plaintiff, CHARLES JARVIS will be prejudiced by having to wait for production of said records as the subject 3 year statute to begin a negligence action against the manufacturer, maintenance provider, technicians and any other person or entity responsible for this machine and its malfunction will expire.

14. Additionally, we respectfully request that if defendant does not provide

3

the complete information requested, that defendant MONTEFIORE MEDICAL CENTER be held vicariously liable for the acts of those entities and/or individuals responsible for the machine.

15. No prior request for the relief herein requested has been made.

**WHEREFORE,** it is respectfully requested that this motion seeking the following relief be granted in its entirety: (1) pursuant to CPLR Section 3102©, compelling defendant, MONTEFIORE MEDICAL CENTER to respond to plaintiffs Notice for Discovery and Inspection dated June 8, 2007; (2) compelling the defendant to respond to said Notice for Discovery and Inspection within 10 days (or sooner) of being served with a copy of an Order directing such; (3) deeming defendant MONTEFIORE MEDICAL CENTER vicariously liable for those entities and/or individuals requested above for failing to respond appropriately to plaintiffs demand of June 8, 2007; and (4) for such other and further relief as this Court deems just, equitable and proper.

Dated: Garden City, New York
August 2, 2007

JUDITH A. **DONNEL**