5245

Index No. O20174/2007
Date filed: ^J^ihl

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X

CHARLES JARVIS and KARON JARVIS,

                Plaintiffs,

   -against-

NEWYORK RADIATION THERAPY
MANAGEMENT SERVICES, INC.,

                Defendant.

-----------------------------------------------------------X

Plaintiffs designate
Bronx County as the
Place of Trial

Basis of Venue is
Plaintiffs residence

**SUMMONS**

Plaintiffs reside at
1010 Sherman Avenue
Bronx, New York

To the Above Named Defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this Summons, to serve notice of appearance on the plaintiffs attorneys within twenty [20] days after the service of this summons, exclusive of the day of service (or within thirty [30] days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
       August 29, 2007

**Defendant's Address:**

**NEW YORK RADIATION THERAPY
MANAGEMENT SERVICES, INC.**
2234 Colonial Boulevard
Fort Meyers, Florida 33907
    -and/or-
1850 Boy Scout Drive, DR# A101
Fort Myers, Florida 33907

**SILBERSJEIN, AWAD & MIK)£>S, P.C.**

BY: _____
    <> JUDITH A. DONNEEL
Attorneys for Plaintiff(s)
Office and P.O. Address
600 Old Country Road
Garden City, New York, 11530
(516)832-7777

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
―――――――――――――――――――――――――X
CHARLES JARVIS and KARON JARVIS,

                    Plaintiffs,        **VERIFIED COMPLAINT**

    -against-

NEW YORK RADIATION THERAPY
MANAGEMENT SERVICES, INC.,

                    Defendant.
―――――――――――――――――――――――――X

      Plaintiffs, by and through their attorneys, SILBERSTEIN, AWAD & MIKLOS, P.C. complaining of the defendant, allege as follows:

      1.    That at all times hereinafter mentioned plaintiffs were and still are residents of the County of Bronx, State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

      2.    Upon information and belief, that at all times herein mentioned defendant, NEW YORK RADIATION THERAPY MANAGEMENT SERVICES, INC., was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a State other than the State of New York.

      3.    Upon information and belief, that at all times herein mentioned defendant, NEW YORK RADIATION THERAPY MANAGEMENT SERVICES, INC., was and still is a foreign corporation duly organized and existing under and by virtue the laws of a State other than the State of New York, but duly licensed to do business in the State of New York.

      4.    That at all times herein mentioned defendant, NEW YORK RADIATION THERAPY MANAGEMENT SERVICES, INC., designed, supplied, manufactured, labeled, distributed, marketed, promoted, sold and maintained a product

1

commonly known as the Linear Accelerator, Model No. CL21EX with serial number 25-S.

5. Defendant NEW YORK RADIATION THERAPY MANAGEMENT, INC. designed, supplied, manufactured, labeled, distributed, marketed, promoted, sold and maintained products that were unreasonably dangerous.

6. Said products were defective and unreasonably dangerous when said defendant places them into the stream of commerce and defendant failed to warn of the risks associated with their use.

7. On September 1, 2004, the product commonly known as Linear Accelerator, Model No. CL21EX with Serial number 25-S was caused to malfunction while the plaintiff, CHARLES JARVIS was receiving radiation therapy at Montefiore Medical Center.

8. That by reason of the foregoing, plaintiff CHARLES JARVIS been rendered sick, sore, lame and disabled and has sustained injuries of a permanent nature.

9. The aforesaid severe and serious personal injuries, severe and serious conscious pain and suffering, severe and serious mental anguish, and severe and serious economic losses suffered and sustained by plaintiff CHARLES JARVIS was occasioned by reason of the administration or use of the product of products designed, manufactured, distributed, marketed, sold and maintained by defendant NEW YORK RADIATION THERAPY MANAGEMENT SERVICES, INC. and commonly known as a Linear Accelerator, Model No. CL21EX with serial number 25-S and said injuries were in no way contributed to by the plaintiff herein.

10. The aforesaid injuries were sustained as a result of the carelessness, recklessness, and negligence of defendant NEW YORK RADIATION

THERAPY MANAGEMENT SERVICES, INC. without any culpable conduct on the part of the plaintiffs herein contributing thereto.

11. Defendant NEW YORK RADIATION THERAPY MANAGEMENT SERVICES, INC. was careless, reckless, negligent, wanton, malicious, and acted with disregard in failing to properly design, manufacture, distribute, market, sell and maintain the Linear Accelerator; in failing to properly issue instructions or warnings concerning Linear Accelerator; in being liable under the doctrine of res ipsa loquitor; and in otherwise causing the damages sustained by plaintiff.

12. The liability of defendant NEW YORK RADIATION THERAPY MANAGEMENT SERVICES, INC. arises from the nondelegable duty; the doctrine of respondent superior; and the reckless disregard of defendant for the safety of others within the meaning of CPLR 1602; and, accordingly, to the extent that limited liability would impair, modify, abrogate, or restrict the right of plaintiff as against said defendant, the defendant is not entitled to invoke the limited liability provision of Article 16 of CPLR and to the extent, if any, that any defendant in this action contends that any health care provider of plaintiff CHARLES JARVIS bears any culpability with respect to the injuries of plaintiff, the benefits of CPLR 1602 are claimed by plaintiffs as well and the limited liability provisions set forth in §1601 of the C.P.L.R. do not apply: to defendants via operation of §1602(2)(iv) of the C.P.L.R., as said defendants had non-delegable duty to provide non-negligent medical care to plaintiff CHARLES JARVIS; to defendants, via operation of §1602(2)(iv) of the C.P.L.R., as said defendants are liable to plaintiffs, pursuant to the doctrine of respondent superior, for the negligence and/or carelessness and/or recklessness and/or reckless disregard of said defendants, their agents, servants and/or employees; to defendants, via operation of §1602(7) of the C.P.L.R. as said defendants acted with reckless disregard for the safety of plaintiff CHARLES

JARVIS; to defendants, via operation of §1602(11) of the C.P.L.R., as said defendants acted knowingly, and in concert with others, to cause the negligent and/or careless and/or reckless conduct upon which liability is based.

13.    By reason of all the foregoing, CHARLES JARVIS has been damaged in an amount exceeding FIFTY MILLION DOLLARS ($50,000,000.00).

### AS **AND FOR** A **SECOND** CAUSE OF **ACTION**

14.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs " 1 " through "13" inclusive, with the same force and effect as if fully set forth at length herein.

15.    By reason of all the foregoing, the injuries and damages sustained by plaintiff CHARLES JARVIS was caused by the breach of warranties of defendant NEW YORK RADIATION THERAPY MANAGEMENT SERVICES, INC. with respect to the design, manufacture, distribution, marketing selling and/or maintaining of a product or products commonly known as the Linear Accelerator.

16.    By reason of all the foregoing, plaintiff CHARLES JARVIS has been damaged in an amount exceeding FIFTY MILLION DOLLARS ($50,000,000.00).

### AS AND FOR A THIRD CAUSE OF ACTION

17.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs " 1 " through "16" inclusive, with the same force and effect as if fully set forth at length herein.

18.    By reason of all the foregoing, the injuries and damages sustained by plaintiff CHARLES JARVIS were caused by the strict product liability of defendant NEW YORK RADIATION THERAPY MANAGEMENT SERVICES, INC. with respect to the design, manufacture, distribution, marketing, sale and/or maintenance of a product or products commonly known as the Linear Accelerator.

19. By reason of all the foregoing, plaintiff CHARLES JARVIS has been damaged in an amount exceeding FIFTY MILLION DOLLARS ($50,000,000.00).

### AS AND FOR A FOURTH CAUSE OF ACTION

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "19" inclusive, with the same force and effect as if fully set forth at length herein.

21. At all times herein mentioned defendant NEW YORK RADIATION THERAPY SERVICES, INC. designed, manufactured, distributed, marketed, sold and/or maintained a product or products commonly known as a Linear Accelerator in such a wanton, reckless, heedless, and willful manner as to manifest and evidence a reckless disregard for the safety and well-being of others, including plaintiff CHARLES JARVIS.

22. That by reason of the foregoing, plaintiff has been rendered sick, sore, lame and disabled and has sustained injuries of a permanent nature.

23. The aforesaid severe and serious personal injuries, severe and serious conscious pain and suffering, severe and serious mental anguish, and severe and serious economic losses suffered and sustained by plaintiff CHARLES JARVIS was occasioned by reason of the administration or use of the product or products designed, manufactured, distributed, sold, marketed and/or maintained by defendant NEW YORK RADIATION THERAPY MANAGEMENT SERVICES, INC. and commonly known as a Linear Accelerator, and said injuries were in no way contributed to by the plaintiff herein.

24. By reason of all the foregoing, plaintiff CHARLES JARVIS is entitled to and does seek punitive damages.

25. By reason of all the foregoing, plaintiff CHARLES JARVIS has

been damaged in an amount exceeding FIFTY MILLION DOLLARS ($50,000,000.00).

## **AS AND FOR A FIFTH CAUSE OF ACTION**

26.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs " 1 " through "25" inclusive, with the same force and effect as if fully set forth at length herein.

27.     That at all times herein mentioned, the plaintiff, KARON JARVIS, was and still is the lawful spouse of the plaintiff, CHARLES JARVIS, and as such is entitled to the services, society, companionship and consortium of her said spouse, plaintiff CHARLES JARVIS.

28.     That as a result of the foregoing negligence and the resulting injuries to the plaintiff, CHARLES JARVIS, the plaintiff, KARON JARVIS, has been deprived of the services, society, companionship and consortium of her spouse.

29.     That by reason of the foregoing, the plaintiff KARON JARVIS has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS

**WHEREFORE,** plaintiffs demand judgment against the defendant herein on the first, second, third and fourth causes of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS and on the fifth cause of action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS  together with costs and disbursements and interest computed from the date of any verdict rendered herein.

SILBERSTEIN, AWAD & MIKLOS, P.C.

By:_____^^SJ^KOJ^UAM_____
JUDITH A. DOKfNEL
600 Old Country Road
Garden City, New York 11530
(516)832-7777

## **ATTORNEY'S VERIFICATION**

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, stated that I am associated with the firm of SILBERSTEIN, AWAD & MIKLOS, P.C. the attorneys of record for the plaintiff in the within action; I have read the foregoing

## **SUMMONS AND VERIFIED COMPLIANT**

and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by plaintiff is that plaintiff resides in a County other than the one in which your affirmant maintains her office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: books, records, memoranda, etc. in office file.

I affirm that the foregoing is true, under the penalties of perjury.

Dated: Garden City, New York
       August 29, 2007

_____
JUDITH A. DONNEL

5245

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
CHARLES JARVIS and KARON JARVIS,

                Plaintiffs,

    -against-

NEW YORK RADIATION THERAPY
MANAGEMENT SERVICES, INC,

                Defendants.
------------------------------------------------------------------X

**NOTICE REGARDING
AVAILABILITY OF
ELECTRONIC FILING**

    PLEASE TAKE NOTICE that plaintiffs in the case captioned above consents and intends that this matter shall proceed as an electronically-filed case in the Filing by Electronic Means System ("FBEM") in accordance with the procedures therefor, described below. Service of papers by electronic means cannot be made upon a party unless that party consents to use of the system. As soon as possible after service of this Notice, each party served must indicate whether it consents.

### General Information

    In New York State, actions may be commenced and cases processed by means of the FBEM system in (1) tax certiorari claims in the Supreme Court in New York City and in Monroe, Westchester, and Suffolk Counties; (2) tort claims, and commercial claims in the Commercial Division, in the Supreme Court in New York City and in Albany, Monroe, Nassau, Suffolk, and Westchester counties; (3) commercial claims in the Commercial Division of Supreme Court, and proceedings in Surrogate's Court, in Erie County; and (4) selected claims against the State of New York.

    Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the court and served in a simple, convenient and expeditious manner. FBEM case documents are filed with the court by filing on the FBEM Website (go to "E-Courts" at www.nycourts.gov'), which can be done at any time of the day or night. The documents are deemed filed when they are received by the Unified Court

System server. The use of FBEM is governed by Section 202.5-b (Supreme Court), and 206.5 and 206.5-aa (Court of Claims') of the Uniform Rules for the Trial Courts.

### Instructions

The service of this Notice constitutes a statement of intent by the undersigned that the FBEM system be used in this case. When an action or proceeding is being commenced by means of the system, this Notice must accompany service of the initiating papers.

**As soon as possible after service of this Notice,** the party served shall advise all parties whether it will agree to have the matter proceed by FBEM. Where the party served agrees, that party must, **as soon as possible after service,** file with the court and serve on all parties a Consent to FBEM. A Consent form can be found in the "Forms" Section of the FBEM Website. The form and other aspects of FBEM are explained in the *User's Manual,* available on the Website. When this Notice Regarding Availability is served with papers initiating a lawsuit, the consent must be filed prior to service of or with the responsive pleadings or motion addressed to the pleadings.

Once parties agree that the case will be subject to FBEM, each must **PROMPTLY** submit a Filing User Registration form (see the "Forms" section of the Website) to obtain the confidential Filing User Identification Number and Password necessary to use the system. A party represented by an attorney who has previously registered as a Filing User in another case may file and serve the Consent to FBEM electronically by checking the designated box and following the instructions on the FBEM Website.

For additional information about FBEM, see the *User's Manual* and *Frequently Asked Questions* on the Website or contact the court in question or the FBEM Resource Center (at 646-386-3033).

Dated:   Garden City, New York
         August 29, 2007

**SILBERSTEIN, AWAD & MIKLOS, P.C.**

By:      /^^^QhflUML
         JUDITH A. DONNEL
Attorneys for Plaintiffs
Office and P.O. Address
600 Old Country Road
Garden City, New York, 11530
(516)832-7777

**2**

5245

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------- X
CHARLES JARVIS and KARON JARVIS,                Index #:

                Plaintiffs,

     -against-                **CONSENT TO FBEM***

NEW YORK RADIATION THERAPY
MANAGEMENT SERVICES, INC.,

                Defendants.
-------------------------------------------------------------------X

    I, _____, am a party or an attorney for a party in the above captioned law suit, and I consent to the use of FBEM in this action. I further consent to be bound by the service and filing provisions of the FBEM Rules (22 NYCRR § 202.5-b) and to comply with the User's Manual approved by the Chief Administrator of the Courts.

    I have set forth below up to three internet e-mail addresses for the purposes of services and giving notice of each filing:

_____          _____
Signature                                                              Address

_____          _____
Print or Type Name

Attorney for _____          _____
                                                                       Telephone Number

_____

    *All parties must file and serve this consent to participate in an FBEM case. Where the attorney for a party is a Filing User, the consent may be filed and served electronically (see http://ibem.courts.state.nv.us').

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------X
CHARLES JARVIS and KARON JARVIS,        Index No. 020174/07

               Plaintiffs,

     - against -                                    **NOTICE OF AVAILABILITY**
                                                          **OF ELECTRONIC FILING**
NEW YORK RADIATION THERAPY
MANAGEMENT SERVICES, INC.,

               Defendants.
------------------------------------------------------------X

    **PLEASE TAKE NOTICE** that plaintiff(s)/defendant(s) in the case captioned above consents and intends that this matter shall proceed as an electronically-filed case in the Filing by Electronic Means System ("FBEM") in accordance with the procedures therefor, described below. Service of papers by electronic means cannot be made upon a party unless that party consents to use of the system. As soon as possible after service of this Notice, each party served must indicate whether it consents.

### General Information

    In New York State, actions may be commenced and cases processed by means of the FBEM system in (1) tax certiorari claims in the Supreme Court in New York City and in Monroe, Westchester, and Suffolk Counties; (2) tort claims, and commercial claims in the Commercial Division, in the Supreme Court in New York City and in Albany, Monroe, Nassau, Suffolk, and Westchester counties; (3) commercial claims in the Commercial Division of Supreme Court, and proceedings in Surrogate's Court, in Erie County; and (4) selected claims against the State of New York.

    Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the court and served in a simple, convenient and expeditious manner. FBEM case documents are filed with the court by filing on the FBEM Website (go to "E-Courts" at [www.nvcourts.aov](www.nvcourts.aov)), which can be done at any time of the day or night. The documents are deemed filed when they are received by the Unified Court System server. The use of FBEM is governed by Section 202.5-b (Supreme Court), and 206.5 and 206.5-aa (Court of Claims) of

<u>the Uniform Rules for the Trial Courts-</u>

## Instructions

<u>The service of this Notice constitutes a statement of intent by the undersigned that the FBEM system be used in this case. When an action or proceeding is being commenced by means of the system, this Notice must accompany service of the initiating papers</u>.

**As soon as possible after service of this Notice, the party served shall advise all parties whether it will agree to have the matter proceed by FBEM. Where the party served agrees, that party must as soon as possible after service, file with the court and serve on all parties a Consent to FBEM.** A Consent form can be found in the "Forms" Section of the FBEM Website. The form and other aspects of FBEM are explained in the *User's Manual,* available on the Website. When this Notice Regarding Availability is served with papers initiating a lawsuit, the consent must be filed prior to service of or with the responsive pleadings or motion addressed to the pleadings.

Once parties agree that the case will be subject to FBEM, each must **PROMPTLY** submit a Filing User Registration form (see the "Forms" section of the Website) to obtain the confidential Filing User Identification Number and Password necessary to use the system. A party represented by an attorney who has previously registered as a Filing User in another case may file and serve the Consent to FBEM electronically by checking the designated box and following the instructions on the FBEM Website.

For additional information about FBEM, see the *User's Manual* and *Frequently Asked Questions* on the Website or contact the court in question or the FBEM Resource Center (at 646-386-3033).

Dated: August 31, 2006

SILBIRSTEII^^A^V^D^MIKLOS, P.C.
By: _____
    // Judith A. D&fineT
Attorneys for Plaintiffs
600 Old Country Road
Garden City, New York 11530
(516) 832-7777
(516) 832-7877 (fax)

| Index No. | Year | RJI No. | Hon. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

CHARLES JARVIS and KARON JARVIS,

                            Plaintiffs,

        -against-

NEW YORK RADIATION THERAPY MANAGEMENT SERVICES, INC.,

                            Defendants.

## SUMMONS AND COMPLAINT, NOTICE OF AVAILABILITY OF ELECTRONIC FILING and CONSENT TO FBEM

SILBERSTEIN, AWAD & MIKLOS, P.C.
*Attorneys for* Plaintiffs

*Office and Post Office Address, Telephone*
600 Old Country Road
GARDEN CITY, N.Y. 11530
(516) 832-7777
(718) 2045000    (212) 2333600

**To**

Attorney(s) for

Signature (Rule 130-1.1-a)
*[signature]*
Print name
JUDITH A. DONNEL, ESQ.

Service of a copy of the within                  is hereby admitted.

Dated,

                                                        Attorney(s) for

Please take notice
- **NOTICE OF ENTRY**

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on
- **NOTICE OF SETTLEMENT**

that an order                      of which the within is a true copy will be presented for
settlement to the HON.                                                 one of the judges
of the within named court, at
on                         at                    M

Dated,                                                         Yours, etc.
                                               SILBERSTEIN, AWAD & MIKLOS, P.C.
                                                        *Attorneys for*

To                                                   *Office and Post Office Address*
                                                       600 Old Country Road
Attorney(s) for                                        GARDEN CITY, N.Y. 11530