5245

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
CHARLES JARVIS and KARON JARVIS,   Index No. 8580/2007

                         Plaintiffs,   **AMENDED**
                                                      **VERIFIED COMPLAINT**

    -against-

VARIAN MEDICAL SYSTEMS, INC., JAMES
BUTLER, M.D. and MONTEFIORE MEDICAL
CENTER,

                         Defendants.
---------------------------------------------------------------X

       Plaintiffs, by and through their attorneys, SILBERSTEIN, AWAD & MIKLOS, P.C. complaining of the defendants, allege as follows:

       1.     That at all times hereinafter mentioned plaintiffs were and still are residents of the County of Bronx, State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## AS TO DEFENDANTS
### JAMES BUTLER. M.D. and MONTEFIORE MEDICAL CENTER

       2.     That at all times herein mentioned, defendant JAMES BUTLER, M.D., was a physician duly licensed to practice medicine in the State of New York.

       3.     That at all times herein mentioned, defendant JAMES BUTLER, M.D., held himself out to the general public and to the plaintiffs in particular, to be a specialist in the field of radiation oncology.

       4.     That beginning on or about June 22, 2004, defendant JAMES BUTLER, M.D., undertook to and did render medical care, treatment and services to plaintiff, CHARLES JARVIS, which care, treatment and services continued through and including October 25, 2004 and at times prior and subsequent thereto.

       5.     That upon information and belief, at all times herein mentioned,

defendant JAMES BUTLER, M.D., was or represented himself to be an agent, servant and/or employee of defendant MONTEFIORE MEDICAL CENTER and was acting within said scope and capacity with the knowledge, consent and authority of defendant MONTEFIORE MEDICAL CENTER.

6. That at all times herein relevant, the defendant MONTEFIORE MEDICAL CENTER owned, operated, maintained, managed and controlled certain medical offices and/or medical facilities for the medical care, treatment, evaluation and testing of patients at its facilities located at 1825 Eastchester Road, Bronx, New York 10461.

7. That at all times herein relevant, the defendant MONTEFIORE MEDICAL CENTER owned, operated, maintained, managed and controlled certain medical offices and/or medical facilities for the medical care, treatment, evaluation and testing of patients at its facilities located at 1625 Poplar Street, Bronx, New York.

8. Upon representation by defendant MONTEFIORE MEDICAL CENTER, the Center for Radiation Therapy located at 1625 Poplar Street, Bronx, New York, is the Department of Radiation Oncology of MONTEFIORE MEDICAL CENTER and is part of MONTEFIORE MEDICAL CENTER.

9. Upon representation by defendant MONTEFIORE MEDICAL CENTER, the Montefiore Radiation Oncology, P.C. located at 1625 Poplar Street, Bronx, New York, is the Department of Radiation Oncology of MONTEFIORE MEDICAL CENTER and is part of MONTEFIORE MEDICAL CENTER.

10. That beginning on or about June 21, 2004, the defendant MONTEFIORE MEDICAL CENTER, its officers, shareholders, agents and/or employees undertook to and did render medical care, treatment, evaluations, testing

and services to the plaintiff which care, treatment, evaluations, testing, and services continued through and including July 12, 2006 and at times prior and subsequent thereto.

        11.    That the occurrences described herein and the resulting consequences thereon were caused by the carelessness and negligence, negligent acts and/or omissions, and medical and hospital malpractice of defendants their agents, servants and/or employees, in failing to properly, timely or adequately attend to and care for plaintiff, CHARLES JARVIS;  in failing to treat plaintiffs condition; in failing to allow plaintiff the opportunity of proper treatment of his condition; in negligently administering excessive radiation; in negligently over radiating the plaintiff; in failing to protect the plaintiffs eyes and/or optic nerves during the administration of radiation; in damaging the plaintiffs optic nerves; in negligently causing radiation optic neuropathy and blindness in the plaintiff; in negligently causing radiation atherosclerosis; in negligently causing thickening and decreased range of motion in the plaintiffs neck and carotid artery; in negligently administering cisplatin treatment resulting in peripheral neuropathy; in negligently causing stenosis and synocopal episodes;  in misleading plaintiff as to the true nature of his medical condition; in failing to properly supervise and monitor plaintiffs condition; in causing, allowing and permitting the plaintiffs condition to worsen and deteriorate, thereby necessitating further hospitalization and treatment; in failing to properly diagnose plaintiffs condition; in failing to perform the necessary and proper diagnostic tests and procedures to determine the true condition of plaintiff; in causing, allowing and permitting plaintiff to sustain injuries due to improper procedures performed by the defendants; in causing, allowing and permitting the worsening of plaintiffs condition; in failing to hire and adequately train competent personnel; and in otherwise being careless and negligent under the circumstances.  In addition, plaintiff

claims the doctrine of res ipsa loquitur applies herein.

12. That by reason of the foregoing, plaintiff has been rendered sick, sore, lame and disabled and has sustained severe injuries of a permanent and lasting nature, and has otherwise been caused to be damaged thereby.

13. That the limited liability provisions set forth in CPLR §1601 do not apply to defendants, via operation of CPLR §1602(2)(iv) of the CPLR, as said defendants had a non-delegable duty to provide non-negligent medical care to plaintiffs; to defendants, via operation of §1602(2)(iv) of the CPLR, as said defendants are liable to plaintiffs, pursuant to the doctrine of respondeat superior, for the negligence and/or carelessness and/or reckless and/or reckless disregard of said defendants agents, servants, and/or employees; to defendants via operation of §1602(7) of the CPLR, as said defendants acted with reckless disregard for the safety of plaintiffs; to defendants via operation of §1602(11) of the CPLR as said defendants acted knowingly, and in concert with co-defendants and/or others, to cause the negligent and/or careless and/or reckless conduct upon which liability is based.

14. That by reason of the foregoing, plaintiffs have sustained damages in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## AS TO DEFENDANTS

### JAMES BUTLER. M.D. and MONTEFIORE MEDICAL CENTER

15. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs " 1 " through "14" inclusive, with the same force and effect as if fully set forth at length herein.

16. That at all times herein mentioned, the plaintiff, KARON JARVIS, was and still is the lawful spouse of the plaintiff, CHARLES JARVIS, and as such is

4

entitled to the services, society, companionship and consortium of her said spouse, plaintiff CHARLES JARVIS.

17. That as a result of the foregoing negligence and the resulting injuries to the plaintiff, CHARLES JARVIS, the plaintiff, KARON JARVIS, has been deprived of the services, society, companionship and consortium of her spouse.

18. That by reason of the foregoing, the plaintiff KARON JARVIS has been damaged in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AS TO DEFENDANT VARIAN MEDICAL SYSTEMS. INC.**

19. Upon information and belief, that at all times herein mentioned defendant, VARIAN MEDICAL SYSTEMS, INC. was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a State other than the State of New York.

20. Upon information and belief, that at all times herein mentioned defendant VARIAN MEDICAL SYSTEMS, INC. was and still is a foreign corporation duly organized and existing under and by virtue the laws of a State other than the State of New York, but duly licensed to do business in the State of New York.

21. That at all times herein mentioned defendant VARIAN MEDICAL SYSTEMS, INC. designed, supplied, manufactured, labeled, distributed, marketed, promoted, sold and maintained a product commonly known as the Linear Accelerator, Model No. CL21EX with serial number 25-S.

22. Defendant VARIAN MEDICAL SYSTEMS, INC. designed, supplied, manufactured, labeled, distributed, marketed, promoted, sold and maintained products

that were unreasonably dangerous.

23. Said products were defective and unreasonably dangerous when said defendant places them into the stream of commerce and defendant failed to warn of the risks associated with their use.

24. On September 1, 2004, the product commonly known as Linear Accelerator, Model No. CL21EX with Serial number 25-S was caused to malfunction while the plaintiff, CHARLES JARVIS was receiving radiation therapy at Montefiore Medical Center.

25. That by reason of the foregoing, plaintiff CHARLES JARVIS been rendered sick, sore, lame and disabled and has sustained injuries of a permanent nature.

26. The aforesaid severe and serious personal injuries, severe and serious conscious pain and suffering, severe and serious mental anguish, and severe and serious economic losses suffered and sustained by plaintiff CHARLES JARVIS was occasioned by reason of the administration or use of the product of products designed, manufactured, distributed, marketed, sold and maintained by defendant VARIAN MEDICAL SYSTEMS, INC. and commonly known as a Linear Accelerator, Model No. CL21EX with serial number 25-S and said injuries were in no way contributed to by the plaintiff herein.

27. The aforesaid injuries were sustained as a result of the carelessness, recklessness, and negligence of defendant VARIAN MEDICAL SYSTEMS, INC. without any culpable conduct on the part of the plaintiffs herein contributing thereto.

28. Defendant VARIAN MEDICAL SYSTEMS, INC. was careless, reckless, negligent, wanton, malicious, and acted with disregard in failing to properly

design, manufacture, distribute, market, sell and maintain the Linear Accelerator; in failing to properly issue instructions or warnings concerning Linear Accelerator; in being liable under the doctrine of res ipsa loquitor; and in otherwise causing the damages sustained by plaintiff.

29.     The liability of defendant VARIAN MEDICAL SYSTEMS, INC. arises from the nondelegable duty; the doctrine of respondent superior; and the reckless disregard of defendant for the safety of others within the meaning of CPLR 1602; and, accordingly, to the extent that limited liability would impair, modify, abrogate, or restrict the right of plaintiff as against said defendant, the defendant is not entitled to invoke the limited liability provision of Article 16 of CPLR and to the extent, if any, that any defendant in this action contends that any health care provider of plaintiff CHARLES JARVIS bears any culpability with respect to the injuries of plaintiff, the benefits of CPLR 1602 are claimed by plaintiffs as well and the limited liability provisions set forth in §1601 of the C.P.L.R. do not apply: to defendants via operation of §1602(2)(iv) of the C.P.L.R., as said defendants had non-delegable duty to provide non-negligent medical care to plaintiff CHARLES JARVIS; to defendants, via operation of §1602(2)(iv) of the C.P.L.R., as said defendants are liable to plaintiffs, pursuant to the doctrine of respondent superior, for the negligence and/or carelessness and/or recklessness and/or reckless disregard of said defendants, their agents, servants and/or employees; to defendants, via operation of §1602(7) of the C.P.L.R. as said defendants acted with reckless disregard for the safety of plaintiff CHARLES JARVIS; to defendants, via operation of §1602(11) of the C.P.L.R., as said defendants acted knowingly, and in concert with others, to cause the negligent and/or careless and/or reckless conduct upon which liability is based.

30.     By reason of all the foregoing, CHARLES JARVIS has been

**7**

damaged in an amount exceeding FIFTY MILLION DOLLARS ($50,000,000.00).

### AS AND FOR A FOURTH CAUSE OF ACTION
### AS TO DEFENDANT VARIAN MEDICAL SYSTEMS. INC.

31.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs " 1 " through "30" inclusive, with the same force and effect as if fully set forth at length herein.

32.     By reason of all the foregoing, the injuries and damages sustained by plaintiff CHARLES JARVIS was caused by the breach of warranties of defendant VARIAN MEDICAL SYSTEMS with respect to the design, manufacture, distribution, marketing selling and/or maintaining of a product or products commonly known as the Linear Accelerator.

33.     By reason of all the foregoing, plaintiff CHARLES JARVIS has been damaged in an amount exceeding FIFTY MILLION DOLLARS ($50,000,000.00).

### AS AND FOR A FIFTH CAUSE OF ACTION
### AS TO DEFENDANT VARIAN MEDICAL SYSTEMS. INC.

34.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs " 1 " through "33" inclusive, with the same force and effect as if fully set forth at length herein.

35.     By reason of all the foregoing, the injuries and damages sustained by plaintiff CHARLES JARVIS were caused by the strict product liability of defendant VARIAN MEDICAL SYSTEMS, INC. with respect to the design, manufacture, distribution, marketing, sale and/or maintenance of a product or products commonly known as the Linear Accelerator.

36.     By reason of all the foregoing, plaintiff CHARLES JARVIS has

been damaged in an amount exceeding FIFTY MILLION DOLLARS ($50,000,000.00).

### AS AND FOR A SIXTH CAUSE OF ACTION
### AS TO DEFENDANT VARIAN MEDICAL SYSTEMS, INC.

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "36" inclusive, with the same force and effect as if fully set forth at length herein.

38. At all times herein mentioned defendant VARIAN MEDICAL SYSTEMS, INC. designed, manufactured, distributed, marketed, sold and/or maintained a product or products commonly known as a Linear Accelerator in such a wanton, reckless, heedless, and willful manner as to manifest and evidence a reckless disregard for the safety and well-being of others, including plaintiff CHARLES JARVIS.

39. That by reason of the foregoing, plaintiff has been rendered sick, sore, lame and disabled and has sustained injuries of a permanent nature.

40. The aforesaid severe and serious personal injuries, severe and serious conscious pain and suffering, severe and serious mental anguish, and severe and serious economic losses suffered and sustained by plaintiff CHARLES JARVIS was occasioned by reason of the administration or use of the product or products designed, manufactured, distributed, sold, marketed and/or maintained by defendant VARIAN MEDICAL SYSTEMS, INC. and commonly known as a Linear Accelerator, and said injuries were in no way contributed to by the plaintiff herein.

41. By reason of all the foregoing, plaintiff CHARLES JARVIS is entitled to and does seek punitive damages.

42. By reason of all the foregoing, plaintiff CHARLES JARVIS has been damaged in an amount exceeding FIFTY MILLION DOLLARS ($50,000,000.00).

### AS AND FOR A SEVENTH CAUSE OF ACTION

43.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs " 1 " through "42" inclusive, with the same force and effect as if fully set forth at length herein.

44.     That at all times herein mentioned, the plaintiff, KARON JARVIS, was and still is the lawful spouse of the plaintiff, CHARLES JARVIS, and as such is entitled to the services, society, companionship and consortium of her said spouse, plaintiff CHARLES JARVIS.

45.     That as a result of the foregoing negligence and the resulting injuries to the plaintiff, CHARLES JARVIS, the plaintiff, KARON JARVIS, has been deprived of the services, society, companionship and consortium of her spouse.

46.     That by reason of the foregoing, the plaintiff KARON JARVIS has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS

**WHEREFORE,** plaintiffs demand judgment against the defendant herein on the first and second causes of action in a sum which exceeds the jurisdictional limitation of all lower courts and on the third, fourth, fifth and sixth causes of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS and on the seventh cause of action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS  together with costs and disbursements and interest computed from the date of any verdict rendered herein.

SILBERSTEIN, AWADt& MIKLOS, P.C.

By:___ *TmP  <V.  tjdjj*
            PAUL N. NADLER, ESQ.
Attorneys for Plaintiffs
600 Old Country Road
Garden City, New York 11530
(516)832-7777

### ATTORNEY'S VERIFICATION

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, stated that I am associated with the firm of SILBERSTEIN, AWAD & MIKLOS, P.C. the attorneys of record for the plaintiff in the within action; I have read the foregoing

### AMENDED VERIFIED COMPLIANT

and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by plaintiff is that plaintiff resides in a County other than the one in which your affirmant maintains his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: books, records, memoranda, etc. in office file.

I affirm that the foregoing is true, under the penalties of perjury.

Dated: Garden City, New York
October 18, 2007

_____
**PAUL N. NADLER, ESQ.**

## CERTIFICATE OF MERIT

**JOSEPH C. MUZIO,** an attorney duly licensed to practice law in the State of New York, affirms the following statements to be true under penalties of perjury:

1. I am a member of the law firm of SILBERSTEIN, AWAD & MIKLOS, P.C., attorneys for the plaintiffs herein, and after a review of the file I am fully familiar with the contents of the file as maintained in this office.

2. Pursuant to CPLR 3012(a), I have consulted with a physician licensed to practice medicine in the State of New York who is knowledgeable of the relevant issues regarding this matter and that I have concluded on the basis of such consultation that there is reasonable basis for the commencement of the action.

Dated:   Garden City, New York
         March 7, 2007

_____
JOSEPH C. MUZIO, ESQ.