PATTERSON BELKNAP WEBB & TYLER LLP

John D. Winter (JW 3252)
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Attorneys for Defendant
Varian Medical Systems, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
CHARLES JARVIS and KARON JARVIS,
                                                                    :    07 CV 8181 (RMB)
                              Plaintiffs,
                                                                    :
                          - against -
                                                                    :
VARIAN MEDICAL SYSTEMS, INC.,
                                                                    :
                              Defendant.
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION TO JOIN PARTIES**

# TABLE OF CONTENTS

**Page**

STATEMENT OF FACTS ................................................................................................1

A.    Background ...............................................................................................................1

B.    Plaintiffs' Independent State Court Action ...............................................................1

C.    The Present Action ...................................................................................................2

D.    The Third Action.......................................................................................................3

E.    Plaintiffs' Motion .....................................................................................................3

ARGUMENT .................................................................................................................4

A.    The Statute Of Limitations Has Expired...................................................................4

B.    Plaintiffs Cannot Satisfy Their Post-Removal Burden ............................................7

    1.    Plaintiffs' Delay In Seeking Relief Is Unjustified .............................................8

    2.    The Possibility Of A State And A Federal
       Litigation Does Not Warrant Joinder..................................................................8

    3.    The Sole Purpose of Plaintiffs' Motion Is
       To Destroy Diversity Jurisdiction.......................................................................9

    4.    Varian Will Be Prejudiced ...............................................................................10

CONCLUSION..............................................................................................................11

Defendant Varian Medical Systems, Inc. ("Varian") respectfully submits this memorandum of law in opposition to plaintiffs' Motion for Permission to Join Parties, Resulting in Loss of Diversity Jurisdiction and Remand to State Supreme Court ("Plaintiffs' Motion"). Pursuant to 28 U.S.C. § 1447(e) and Federal Rule of Civil Procedure 15, Plaintiffs' Motion should be denied because the proposed amendment is barred by the statute of limitations and is inconsistent with principles of fundamental fairness.

## STATEMENT OF FACTS

**A.    Background**

On September 1, 2004, plaintiff Charles Jarvis underwent radiation therapy at Montefiore Medical Center ("Montefiore").  (Affidavit of Paul N. Nadler in Support of Plaintiffs' Motion ("Nadler Aff."), Ex. K at ¶ 7.)  During this treatment, a radiation therapy machine, alleged to be a linear accelerator, Model No. CL21EX manufactured by Varian, allegedly malfunctioned.  (Id.) Plaintiffs claim, inter alia, that Mr. Jarvis "was over-radiated during radiation treatment which resulted in blindness and other injuries."  (Nadler Aff. at ¶ 11.)

**B.    Plaintiffs' Independent State Court Action**

On May 11, 2006, plaintiff first contacted his current counsel "to investigate a potential medical malpractice action" arising from his "belief that he was over-radiated and this resulted in radiation neuropathy, damaged optic nerve and blindness."  (Nadler Aff., Ex. I at ¶ 5.)  Plaintiffs' counsel subsequently obtained "a complete copy of Mr. Jarvis's medical records, including his radiation oncology reports."  (Id. at ¶ 6.)  In accordance with C.P.L.R. § 3012-a, plaintiffs' counsel consulted with an expert who reviewed those medical records and presumably advised plaintiffs' counsel as to what meritorious claims to assert.  (Id.)

Ten months later, on March 7, 2007, plaintiffs filed a medical malpractice action in the Supreme Court, Bronx County against James Butler, M.D., Montefiore Radiation Oncology, P.C., Center for Radiation Therapy, Montefiore, Jack D. Weiler Hospital Division and The University Hospital for the Albert Einstein College of Medicine Montefiore Medical Center (the "State Court Action"). (See Nadler Aff., Ex. D.) The complaint asserts causes of action based in medical malpractice. All defendants except Montefiore Radiation Oncology, P.C., which allegedly is in default, answered the State Court Action.[1] (Nadler Aff. at ¶¶ 8-10.)

Three months later, allegedly after first realizing that plaintiff's medical records indicated that the radiation therapy machine malfunctioned during his treatment on September 1, 2004, plaintiffs served a Notice for Discovery and Inspection on Montefiore requesting information concerning the radiation therapy machine. (Nadler Aff., Ex. I at ¶ 9.) Because plaintiffs had not yet served their Verified Bill of Particulars, Montefiore legitimately refused to respond to plaintiffs' requests. (Id. at ¶ 10.)

**C.    The Present Action**

After receiving plaintiffs' Verified Bill of Particulars, Montefiore identified Varian as the manufacturer of the radiation therapy machine and informed plaintiffs that Varian also maintained the machine. (Nadler Aff., Ex. J.) On August 20, 2007, plaintiffs commenced the instant action against Varian in the Supreme Court, Bronx County. This complaint asserts causes of action for negligence, breach of warranty, strict product liability, punitive damages, and loss of consortium. (See id., Ex. K.)

---

[1] Montefiore answered on behalf of defendants Jack D. Weiler Hospital Division, The University Hospital for the Albert Einstein College of Medicine Montefiore Medical Center and Center for Radiation Therapy, all of which are part of Montefiore. (Nadler Aff. at ¶¶ 8, 9.)

On September 19, 2007, Varian removed this action to this Court and on September 25, 2007, served its answer to the complaint denying any liability or wrongdoing.

**D.    The Third Action**

On August 27, 2007, Montefiore notified plaintiffs that another company, New York Radiation Therapy Management Services, Inc. ("NYRTMS") was involved in the maintenance of the radiation therapy machine. (Nadler Aff., Ex. J.) Plaintiffs then commenced another lawsuit in the Supreme Court, Bronx County, naming NYRTMS as the sole defendant. (Id., Ex. L.) NYRTMS allegedly is in default and is not included as a defendant in plaintiffs' proposed amended complaint. (Nadler Aff. at ¶ 16.)

**E.    Plaintiffs' Motion**

Plaintiffs now seek leave to amend their complaint in this Court to add two new defendant parties who are already defendants in the State Court Action filed in March 2007: Dr. Butler and Montefiore. Plaintiffs' proposed amended complaint asserts two medical malpractice-based causes of action against Dr. Butler and Montefiore and five product liability-based causes of action against Varian. (See Nadler Aff., Ex. P.) Plaintiffs' claims against Varian stem from the alleged radiation therapy machine malfunction on September 1, 2004, while their claims against Dr. Butler and Montefiore allegedly arise from treatment administered from June 22, 2004 through October 25, 2004 and from June 21, 2004 through July 12, 2006, respectively. (Id. at ¶¶ 4, 10, 24.) The proposed claims against Dr. Butler and Montefiore in this Court are the same claims already pending against these proposed new parties in the State Court Action.

## ARGUMENT

### A.    The Statute Of Limitations Has Expired

Federal Rule of Civil Procedure 15(a) provides that plaintiffs must make a motion to amend to effect joinder of additional parties after a responsive pleading has been served.  Fed. R. Civ. P. 15(a).  While plaintiffs' burden regarding a motion to amend is not arduous, Courts deny joinder of additional parties if the applicable statute of limitations has expired.  See Hernandez-Avila v. Averill, 725 F.2d 25, 28-29 (2d Cir. 1984) (court properly denied motion to add party where statute of limitations had "long since run"); Copsey v. Swearingen, 36 F.3d 1336, 1348 (5th Cir. 1994) (motion to add party denied after expiration of statute of limitations); Allied Chem. Corp. v. Strouse, Inc., 53 F.R.D. 588, 589 (E.D. Pa. 1971) (motion to amend to add defendant denied because of delay and statute of limitations bar).

Here, plaintiffs are seeking to add two defendants against whom they assert claims of negligence and/or medical malpractice.  The statutes of limitations for these claims are three years for negligence (C.P.L.R. § 214(5)) and two and a half years for medical malpractice (C.P.L.R. § 214-a).  These claims are obviously barred by the statutes of limitations because the alleged over-radiation occurred in September 2004 and plaintiffs are seeking to amend to sue Dr. Butler and Montefiore now, more than three years later.  Recognizing these claims are now time barred, plaintiffs assert that there was "continuous treatment" by Dr. Butler and Montefiore through July 12, 2006.  (Nadler Aff. at ¶ 19.)  However, plaintiffs cannot establish continuous treatment.

First, plaintiffs' proposed amended complaint itself asserts that Dr. Butler treated Mr. Jarvis through October 25, 2004.  (Nadler Aff., Ex. P at ¶ 4.)  Therefore, on its face, the proposed amended complaint shows that any "continuous treatment" by Dr. Butler ended more than three

years ago and the period for filing either negligence or medical malpractice claims against him has expired.

Second, the continuous treatment doctrine does not apply to either Dr. Butler's or Montefiore's conduct. Plaintiffs have alleged that Dr. Butler and Montefiore failed to "adequately attend to and care for" Mr. Jarvis, failed to treat his "condition," failed to allow him "the opportunity of proper treatment of his condition," failed to "properly supervise and monitor" his condition, failed to "properly diagnose" his condition, and failed to "perform the necessary and proper diagnostic tests and procedures to determine the true condition" of Mr. Jarvis. (Nadler Aff., Ex. G at ¶ 3.) Such failures cannot constitute the requisite "continuous treatment" to toll the statute of limitations under New York law as set forth below.

For the continuous treatment doctrine to apply, a course of treatment "with respect to the condition that gives rise to the lawsuit" must have been established. Couzens v. Augustine, 305 A.D.2d 1012, 1013, 758 N.Y.S.2d 579, 580 (4th Dep't 2003). Plaintiffs claim that Dr. Butler and Montefiore failed to treat Mr. Jarvis's alleged injuries for the alleged over-radiation. Yet, under Couzens, when plaintiffs allege that defendants failed "to timely diagnose and establish a course of treatment," such "omissions . . . do not amount to a 'course of treatment.'" Id. (citation and quotations omitted); see also Chulla v. DiStefano, 242 A.D.2d 657, 658, 662 N.Y.S.2d 570, 572 (2d Dep't 1997) (when defendants allegedly failed to diagnose and treat plaintiffs' cancer, the continuous treatment doctrine did not apply to toll the statute of limitations); White v. Murphy, 277 A.D.2d 852, 854, 716 N.Y.S.2d 808, 809 (3d Dep't 2000) (continuous treatment doctrine did not apply when there was no evidence that plaintiff received any treatment for her alleged injury).

The fact that Mr. Jarvis had routine appointments with Dr. Butler and at Montefiore do not change this analysis.  Although Mr. Jarvis continued his radiation therapy, "no course of treatment was established" by either Dr. Butler or Montefiore for his alleged over-radiation injuries, "i.e., the condition that gave rise to the lawsuit." DeMarco v. Santo, 842 N.Y.S.2d 642, 643 (4th Dep't 2007); see also Couzens, 305 A.D.2d at 1013, 758 N.Y.S.2d at 580 ("A patient's continuing general relationship with a physician, or routine, periodic health examinations will not satisfy the doctrine's requirement of 'continuous treatment' of the condition upon which the allegations of medical malpractice are predicated.") (citation and quotations omitted); Chulla, 242 A.D.2d at 658, 662 N.Y.S.2d at 572 (although breast exams were performed during plaintiff's visits, when there was no diagnosis of breast cancer or cancer treatment, the continuous treatment doctrine did not apply).

To the extent plaintiffs rely on the "relation back" doctrine (Nadler Aff. at ¶ 8), such reliance is misplaced.  While Federal Rule of Civil Procedure 15(c) allows amended pleadings to relate back to the original pleading for statute of limitation purposes, the Rule allows relation back only to this Federal Court action.  In other words, Rule 15(c) "contemplates the relation back of pleadings only in the context of a single proceeding." Lucchesi v. Experian Info. Solutions, Inc., 226 F.R.D. 172, 174-75 (S.D.N.Y. 2005); see also Elgendy v. City of New York, 2000 WL 1119080, at *5 (S.D.N.Y. Aug. 7, 2000) (relation back doctrine "only applies in instances where an original pleading is amended"); Rayo v. New York, 882 F. Supp. 37, 40 (N.D.N.Y. 1995) ("[t]he amendment does not . . . relate back to any prior proceedings which are not part of the action in question").  Accordingly, the date that plaintiffs previously initiated a

separate action against Dr. Butler and Montefiore is irrelevant to determining whether those claims are time-barred in this Court.[2]

**B.    Plaintiffs Cannot Satisfy Their Post-Removal Burden**

28 U.S.C. § 1447(e) provides:  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  This "ruling is discretionary, and it must take into account the original defendants' interest in their choice of forum."  Smith v. Ark. La. Gas Co., 157 F.R.D. 34, 35 (E.D. Tex. 1994); see also Lee v. Kmart, 2001 WL 8596, at *1 (S.D.N.Y. Jan. 2, 2001).  Motions to amend to add non-diverse defendants after removal are reviewed with heightened scrutiny.  When "amendment of the complaint would defeat diversity jurisdiction, leave to amend should not be given as freely as in the usual case."  Aries Venture Ltd. v. AXA Finance S.A., 696 F. Supp. 965, 966 (S.D.N.Y. 1988); see also Labrador v. Yamaha Motor Corp., 1992 WL 138400, at *1 (E.D.N.Y. June 4, 1992).

Accordingly, "[d]istrict courts in [the Second] Circuit . . . permit a joinder which destroys diversity only when consistent with principles of fundamental fairness."  Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003).  The four factors considered in evaluating fundamental fairness and whether to allow an amendment such as plaintiffs have requested are: (1) "any delay, and its reasons, in moving to amend; (2) any resulting prejudice to the defendants; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving

---

[2]  The two cases cited by plaintiffs do not change this analysis.  Clancy v. Zimmer, Inc., 2007 WL 969237 (W.D.N.Y. Mar. 30, 2007) ignores well-established law in this District and Jedraszak v. Intromedix, Inc., 2004 WL 1497559 (S.D.N.Y. July 2, 2004) does not address statute of limitations issues.

to amend." In re Rezulin Prods. Liab. Litig., 2002 WL 31466455, at *1 (S.D.N.Y. Nov. 5, 2002), quoting DiNardi v. Ethicon, Inc., 145 F.R.D. 294, 297-98 (N.D.N.Y. 1993). An evaluation of these factors demonstrates that the joinder of Dr. Butler and Montefiore as defendants would be improper and should be denied.

    1. Plaintiffs' Delay In Seeking Relief Is Unjustified

    The first factor weighing against granting Plaintiffs' Motion is their delay in seeking to combine their lawsuits. Plaintiffs admit that they had possession of their medical records for almost ten months before the State Court Action was commenced, which is more than adequate time to review those records and learn of the noted "malfunction."[3] In addition, plaintiffs did not timely serve their Verified Bill of Particulars in the State Court Action. If they had done so, Montefiore would have identified Varian as a potential party earlier. Finally, plaintiffs have provided no reason why they initially failed to name Dr. Butler and Montefiore in this action. Varian should not now be punished for plaintiffs' own failure to diligently develop their case before filing a complaint and their failure to timely provide discovery in the State Court Action.

    2. The Possibility Of A State And A Federal Litigation Does Not Warrant Joinder

    The potential for more than one litigation and inconsistent verdicts is not a reason for depriving Varian of its entitled forum. Although denial of Plaintiffs' Motion "will result in multiple litigation because plaintiff[s] already [have] commenced suit against the nondiverse health care defendants in state court," any "risk of inconsistent results if joinder is denied is

---

[3] Although plaintiffs claim that Mr. Jarvis was "over-radiated," the medical records indicate that the alleged radiation therapy machine "malfunction" actually resulted in Mr. Jarvis receiving less radiation than he was supposed to on September 1, 2004, not more. (Nadler Aff. at ¶ 11; Ex. H ("Pt received [treatment] to field 13 . . . due to machine malfunction.").)

limited" because the action against Dr. Butler and Montefiore is based on different causes of action.  In re Rezulin, 2002 WL 31466455, at *2.  Therefore, while "[s]ome particular issues of fact and law will undeniably be argued and litigated in both state and federal court," because the claims asserted against Varian are based on a different theory of liability than the claims against Dr. Butler and Montefiore, this factor also weighs in favor of denying Plaintiffs' Motion. Nazario, 295 F. Supp. 2d at 364.

    3.  The Sole Purpose of Plaintiffs' Motion Is To Destroy Diversity Jurisdiction

Leave to amend a complaint to add non-diverse parties should be denied when it is apparent that the non-diverse parties are sought to be joined solely for the purpose of destroying diversity jurisdiction.  See Major Oldsmobile, Inc. v. Gen. Motors Corp., 1994 WL 9774, at *1 (S.D.N.Y. Jan. 12, 1994) ("In general, a plaintiff cannot act to divest the federal court of jurisdiction over a case that has been properly removed.  Therefore, when joinder would necessitate a remand, the court must determine whether the plaintiff seeking joinder is motivated primarily by a desire to force a remand to his forum of choice.") (citations and quotations omitted).

Plaintiffs' counsel has admitted that they are unfamiliar with (and necessarily would prefer not to) practice in Federal Court.  (Nadler Aff., Ex. B at p. 2.)  Plaintiffs admit that they had originally "intended on consolidating the instant action [against Varian] and the medical malpractice action in State Supreme Court (Bronx County), but this could not take place once defendant Varian removed the instant action to Federal Court."  (Id. at p. 11.)  Plaintiffs even state that they seek to add Dr. Butler and Montefiore "the result of which would be a loss of diversity jurisdiction requiring remand."  (Id. at p. 10.)  Moreover, to the extent Montefiore Radiation Oncology, P.C.'s default "is an impediment to the relief sought," plaintiffs have stated

that they are willing to drop their claims against that defendant.  (Nadler Aff. at ¶ 10.)  These

admissions strongly suggest that plaintiffs' sole motivation for their proposed amendment is to

defeat diversity jurisdiction; thus, this factor also weighs in favor of denying Plaintiffs' Motion.

See Nazario, 295 F. Supp. 2d at 364 ("a principal desire to destroy federal diversity jurisdiction

is an impermissible motive").  That plaintiffs' counsel is unfamiliar with federal court and

prefers not to practice before this Court is not a legitimate reason to deny Varian its right to have

this diversity case litigated in a federal forum.

   4.  <u>Varian Will Be Prejudiced</u>

   "[D]iverse defendants have an interest in maintaining the federal forum."  <u>In re Rezulin</u>,

2002 WL 31466455, at *1.  In addition to having to forfeit its properly chosen forum, Varian will

have to litigate a far more complicated case involving issues unrelated to Varian if this Court

were to grant Plaintiffs' Motion.  Rather than focusing on whether the radiation therapy machine

allegedly was defective and malfunctioned on September 1, 2004, Varian will be involved in a

case that will necessarily examine the conduct of multiple individuals at Montefiore (<u>e.g.</u>,

doctors, medical physicists, radiation therapists) spanning a number of years.  On the other hand,

plaintiffs will be forced to litigate these same issues regardless of whether they do so in one case

or two.  Balancing the prejudice to Varian against no resulting prejudice to plaintiffs, Varian

submits this factor also supports denial of Plaintiffs' Motion.  <u>See</u> <u>In re Rezulin</u>, 2002 WL

31466455, at * 1 (this factor weighed in favor of denial of joinder where plaintiff failed to show

"any prejudice that would result from the denial of her motion sufficient to outweigh" the

prejudice defendants would incur if motion to join were granted).

## CONCLUSION

For the foregoing reasons, Varian respectfully requests that Plaintiffs' Motion to Join

Parties, Resulting in Loss of Diversity Jurisdiction and Remand to State Supreme Court be

denied.

Dated:  New York, New York
          October 31, 2007

                                   Respectfully submitted,

                                     s/ John D. Winter
                                   _____

                                   John D. Winter (JW 3252)
                                   PATTERSON BELKNAP WEBB & TYLER LLP
                                   1133 Avenue of the Americas
                                   New York, NY 10036-6710
                                   Telephone:  (212) 336-2000

                                   Attorneys for Defendant
                                   Varian Medical Systems, Inc.