UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHARLES JARVIS and KARON JARVIS,          :
                                          :
                        Plaintiffs,       :
                                          :
                -against-                 :
                                          :
VARIAN MEDICAL SYSTEMS, INC.,             :
                                          :
                        Defendant.        :
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11 | 13 | 07

07 Civ. 8181 (RMB)

**ORDER**

I.      **Background**

On or about March 7, 2007, Charles Jarvis and Karon Jarvis (collectively, "Plaintiffs")

filed a medical malpractice action in New York State Supreme Court, Bronx County (No.

8580/2007) against James Butler, M.D. ("Butler") and Montefiore Medical Center

("Montefiore") (collectively, "State Court Defendants"), alleging that Charles Jarvis "was over-

radiated during radiation treatment which resulted in blindness and other injuries." (See Aff. of

Paul N. Nadler in Supp. of Pls. Mot. ("Nadler Aff."), dated October 19, 2007, ¶ 11, Ex. D, Ex.

E.)

On or about August 20, 2007, Plaintiffs initiated a (separate) product liability action

against the manufacturer of the radiation machine used in Mr. Jarvis's treatment, Varian Medical

Systems, Inc. ("Varian"), also in New York State Supreme Court, Bronx County (No.

018761/2007).[1]  (See Nadler Aff., Ex. K.)  On or about September 19, 2007, Varian removed the

product liability action against Varian to this Court based upon diversity jurisdiction, asserting,

among other things, that Plaintiffs are New York citizens and Varian is a Delaware corporation

---

[1]      Plaintiffs allege that they brought a separate action against Varian because the statute of
limitations was about to expire and they did not have time to amend their complaint against State
Court Defendants.  (See Nadler Aff. ¶¶ 12-13.)

1

with its principal place of business in Palo Alto, California. (See Notice of Removal, dated September 19, 2007.)

On or about October 19, 2007, Plaintiffs filed the instant motion, pursuant to 28 U.S.C. § 1447(e), Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15, and Fed. R. Civ. P. 20, to join the State Court Defendants in this proceeding. Plaintiffs contend that the result of such joinder "would be a loss of diversity jurisdiction requiring remand to the New York State Supreme Court, Bronx County. . . ." (Nadler Aff. ¶ 23.)

On or about October 31, 2007, Varian filed an opposition brief ("Opposition") arguing against joinder because, among other things, (1) the statute of limitations has expired for "assert[ing] claims of negligence and/or medical malpractice" against State Court Defendants; and (2) joinder of State Court Defendants is "[in]consistent with principles of fundamental fairness." (See Mem. of Law in Opp'n to Pls. Mot. ("Opp'n"), dated October 31, 2007, at 4, 7.)

On or about November 7, 2007, Plaintiffs filed a reply brief ("Reply"), arguing, among other things, that (1) "Plaintiffs' action against [State Court Defendants] is timely" because the state court complaint serves as the "original pleading" for statute of limitations purposes; and (2) joinder of State Court Defendants is fair because "[t]here is no prejudice to Varian." (See Reply at 17–19.)

The parties waived oral argument.

**For the reasons stated below, Plaintiffs' motion to join the State Court Defendants in the instant proceeding is granted and the action is remanded to New York State Supreme Court, Bronx County.**

## II.    Legal Standard

"[D]efendants may be joined in a single action if the asserted claims against them arise out of the same transaction or occurrence and the action will involve questions of law or facts common to all defendants." See Fed. R. Civ. P. 20(a); see also Jedraszak v. Intromedix, Inc., No. 00 Civ. 7566, 2004 WL 1497559, at *1 (S.D.N.Y. July 2, 2004). "In deciding whether to allow joinder, the Court is guided by 'the same standard of liberality afforded to motions to amend pleadings under [Fed. R. Civ. P.] 15.'" Rush v. Artuz, No. 00 Civ. 3436, 2001 WL 1313465, at *5 (S.D.N.Y. Oct. 26, 2001). "Further, medical malpractice and product liability claims arising out of the same medical procedure raise common questions of law and fact." Hunt v. Stryker Corp., No. 03 Civ. 7385, 2004 WL 502186, at *2 (S.D.N.Y. Mar. 10, 2004).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e); see also Briarpatch Ltd., L.P. v. Pate, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000).

## III.    Analysis

### (1)    Statute of Limitations

Varian argues that Plaintiffs' claims against State Court Defendants are "barred by the statutes of limitations because the alleged over-radiation occurred in September 2004 and Plaintiffs are seeking to amend to sue . . . now, more than three years later." (Opp'n at 4.) Plaintiffs argue that the state court complaint filed on or about March 7, 2007 serves as the "original pleading" for statute of limitations purposes and was filed well within the limitations period. (Reply at 17.)

"Plaintiff[s] filed a timely state claim for [negligence and] malpractice against the [State Court] [D]efendants" and "[t]he allegations of the state complaint are identical to the allegations in the proposed amended complaint in this Court." See Mueller v. Long Island R.R. Co., No. 89 Civ.7384, 1997 WL 189123, at * 6 (S.D.N.Y. Apr. 17, 1997). The State Court Defendants, therefore, had "adequate notice" of Plaintiffs' claims within the appropriate limitations period and Plaintiffs' effort to join them here is timely. See Slayton v. American Exp. Co., 460 F.3d 215, 228 (2d Cir. 2006); see also Thompson v. Beth Israel Med. Cen., No. 96 Civ. 0509, 1999 WL 228387, at *1 (S.D.N.Y. Apr. 19, 1999) ("allegations contained in the . . . amended complaint are deemed to relate back to the original state court complaint").

### (2)    Fairness

Varian argues that joinder would be prejudicial because, among other things, it "will have to litigate a far more complicated case involving issues unrelated to Varian." (Opp'n at 10.) Plaintiff argues that "[t]he litigation involving [State Court Defendants] is not so complicated that Varian's rights will be in any way prejudiced" and the state matter is still in the early (pre-trial) stages. (See Reply at 19.)

In deciding whether joinder is "consistent with principles of fundamental fairness," courts analyze (1) plaintiff's "delay . . . in seeking joinder"; (2) "plaintiff's motivation" in seeking joinder; (3) the "likelihood of multiple litigation"; and (4) "resulting prejudice to defendant." See Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). Joinder in the instant case is fair because, among other things, (1) Plaintiffs did not delay in seeking joinder, see id.; (2) "there is no evidence that [Plantiffs' motiviation for seeking] joinder [is] fraudulent or improper," see Soto v. Barnitt, No. 00 Civ. 3453, 2000 WL 1206603, at *3 (S.D.N.Y. Aug. 23, 2000); (3) trial of these cases together is more efficient than simultaneous litigation in two

4

different courts which "could cause unnecessary expense, conflicting results, [and] a waste of judicial resources," see Jedraszak, 2004 WL 1497559, at *2; and (4) there is no prejudice to Varian which will not have to "revise or abandon a litigation strategy for which resources have already been expended," see Nazario, 295 F. Supp. 2d at 364.

## IV.    Conclusion

For the reasons stated herein, Plaintiffs' motion to join the State Court Defendants in the instant proceeding [#7] is granted.  The Clerk is respectfully requested to remand the case to New York State Supreme Court, Bronx County and, thereafter, to close the case.

Dated: New York, New York
      November 13, 2007

_____
RICHARD M. BERMAN, U.S.D.J.